IN THE

# SUPREME COURT

OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT:
NEW-ORLEANS, DECEMBER, 1833.

---

THE EXECUTORS OF HART *vs.* BONI, F. W. C.

EASTERN DIS.
*December,* 1833.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

THE EXECU-
TORS OF HART
*vs.*
BONI, F. W. C.

Where seizure is given by the will to the executor, he is authorised to bring an action to recover the possession of any property which may have belonged to the testator at his death.

| 6L | 97 |
| 49 | 86 |

| 6L | 97 |
| 106 | 99 |

| 6 | 97 |
| 106 | 109 |

This right of the executor exists, and the action does not abate where the possessor asserts title in himself, the validity of which title can only be ascertained by trial.

In a suit by the executor to recover the deceased's property, the heirs if interested and present, or if absent, then their representatives, should be made parties to the action.

The petition alleged that the defendant had lived in concubinage with the testator; that she had in her possession and claimed to own, certain notes belonging to the succession,

13

EASTERN DIS
December, 1833.

THE EXECU-
TORS OF HART
vs.
BONI, F. W. C.
amounting to one hundred and twenty-three thousand four hundred and fifty-one dollars and fifty cents; that the said notes were deposited in bank to the joint order of the two parties, to await the decision of a competent court on the right of ownership. It further averred that a certain pretended donation, *inter vivos,* was illegal and void. They prayed that the donation might be declared null, and the notes be decreed to belong to the succession.

The defendant excepted that the executors had no right to bring an action to set aside a donation made by their testator, and averred that such right could be exercised only by the heirs and legatees under the will. They also, afterwards, excepted that Brocke, one of the plaintiffs, had died since their first exception was filed, and his co-executors having been appointed merely to aid him, could not prosecute the action. The death of Brocke was admitted of record.

The will contained the following clause: " I do also appoint the said James Ramsay, William Brocke and James Hopkins, to be detainers of my estate, jointly or separately, with powers to take possession and inventory thereof without intervention of justice." It also declared, that " when they, the said James Ramsay, William Brocke and James Hopkins, shall have liquidated and settled the accounts of my estate in this place, it is my will that they do account to, and settle with William Brocke, one of the aforesaid executors." It then provides, that on such settlement and payment into Brocke's hands, the functions of his co-executors shall cease.

The judge, *a quo,* sustained the first exception, and the plaintiffs appealed.

*Peirce,* for plaintiffs and appellants contended,

That the executors have a right to institute suits for the recovery of any personal property, unlawfully detained from the estate of the testator.

*Mazureau and Slidell,* for defendants and appellees.

PORTER, J., delivered the opinion of the court. .

EASTERN DIS.
*December*, 1833.

THE EXECU-
TORS OF HART
*vs.*
BONI, F. W. C.

This case presents for decision the question, whether the executors of a will can maintain an action to annul a donation, *inter vivos*, made by the testator. The court of the first instance was of opinion they could not, and the plaintiffs appealed.

It has been contended that as the testator gave to the executors *seizure* of the estate, they are entitled to the possession of it, and that they are consequently authorised to bring an action to obtain that possession. It is urged on the other side, that however true this may be as a general proposition, it is not so when the question as to the validity of a donation, grows out of the claim which the executors set up, or is presented by the pleadings.

We think the executors, where seizure is given to them by the will, are authorised to bring an action to recover the possession of any property which may have belonged to the testator at his death. The article 1669 of the *Louisiana Code*, recognize their right to bring actions on behalf of the succession, and we cannot imagine a case in which this right could be more properly exercised, then where the object of the suit is to obtain possession of effects making a part of the estate. The question then is, whether the assertion of title on behalf of the possessor, the truth and validity of which cannot be assertained, until after trial shall deprive them of this right. If it can, it is very clear that the authority we have just supposed they possess, would be a mere illusion, for the claim would be set up in all cases where the possessor was in bad faith.

We therefore, think, that in such cases the action should should not abate. If a claim be set up which involves the rights of the heirs or legatees, they should, if present, be made parties to the suit; and if absent, their representatives should be brought in. In countries having laws in no material respect different from ours on this subject, it is held, that although executors cannot alone maintain an action in relation to the rights of heirs, they may, if those who are

*Margin notes:*

Where seizure is given by the will to the executor, he is authorised to bring an action to recover the possession of any property which may have belonged to the testator at his death.

This right of the executor exists, and the action does not abate where the possessor asserts title in himself, the validity of which can only be ascertained by trial.

In a suit by the executor to recover the deceased's property, the heirs, if interested and present, or if absent, then their representatives, should be made parties to the action.

EASTERN DIS.
December, 1833.

interested are made parties to the suit. See *Merlins Répertoire*, ed. 1826. *Verbo Exécuteur Testamentaire, Nos.* 6 and 7.

It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and it is further ordered and decreed, that the execution filed in this cause be overruled; that the case be remanded to be proceeded in according to law, and that the appellee pay the costs of this appeal.