MR. & MRS. FRANCIS ALLEMAN v. MR. & MRS. JEAN BERGERON.

An administrator to a succession will not be appointed when there is no absolute necessity for it.

APPEAL from the District Court of the Parish of Ascension, *Lawes*, J.

*J. H. Illsley*, for plaintiff. *L. D. & F. J. Nicholls*, for defendants and appellants.

MERRICK, C. J. The controversy in this case arises out of an opposition made by the plaintiffs to the claim of defendants for letters of administration upon the succession of *Mrs. Joseph Hidalgo*, deceased.

It appears that the deceased died leaving a number of heirs and a husband surviving. It does not appear that there were any debts due by her. The property of the succession was sold to effect a partition, and with the exception of a small portion, was bought by the heirs and surviving husband. Since then *Joseph Hidalgo* has died and his property was sold, the plaintiff, *Alleman*, having been appointed administrator. The heirs of both successions are the same.

After the sale of the property of *Mrs. Hidalgo's* succession had been made to effect a partition, the defendant, *Bergeron* and his wife, as heir, applied for letters of administration upon her succession. It was opposed on the grounds, that a partition of the property had been decreed, and the property sold accordingly; that there were no debts or charges, and an administration would entail an unnecessary and useless expense, and that the opponents had a better right to letters of administration than the applicants.

The Judge being of the opinion that letters of administration were unnecessary, sustained the opposition; and *Bergeron* and wife appeal.

The necessity of the appointment is argued from the fact that some of the heirs reside in remote parishes and have only a small interest in the estate, and that it is inconvenient to procure their presence at the partition. It is difficult to perceive in what manner the appointment of an administrator would facilitate the partition in this particular. An administrator cannot properly make a partition for the heirs in his account, and where property is sold to effect a partition, the heir who is a purchaser cannot be compelled to pay the purchase money until a liquidation is had, by which it is ascertained what balance there is against him. C. C. 2603, 1265; *Succession of Carraby*, 3 Rob. 352; *Succession of Harrell*, 14 An. 337. We therefore concur with the District Court in the conclusion, that there was no necessity for the appointment of an administrator, and the application was properly rejected.

Judgment affirmed.