No. 9648.

J. M WOODWARD, ADMR., W. T. WOODWARD, ADMR., SUBSTITUTED, vs. J. T. S. THOMAS ET ALS.

The administrator of a succession which, though apparently solvent, owes debts and is unsettled, and which the heirs, though present, have never accepted, may bring a real action for the revendication of property claimed to belong to the succession and held by adverse title not derived from the decedent, in his own name and without joining the heirs

The law and jurisprudence on the subject fully reviewed.

APPEAL from the Tenth District Court, Parish of Red River. *Hall, J.*

---

*L. B. Watkins,* for Plaintiffs and Appellants :

I.

In case heirs neither accept nor reject a succession, it becomes the duty of the judge to appoint one as administrator. R. C. C. 1041.

Woodward vs. Thomas et als.

In such case the beneficiary heir is entitled to preference. R. C. C. 1042.

Administrators thus chosen have the same powers, and are subject to the same responsibilities as the curators of vacant estates. R. C. C. 1049.

Administrators thus appointed shall proceed to the sale of the property of the succession, and to the settlement of its affairs, and to the distribution of the *surplus, above debts, among the heirs.* R. C. C. 1038.

The powers and duties of administrators extend further, and are broader and more comprehensive than those of curators of vacant successions and absent heirs, and extend to all suits in which they are obliged to act. R C. C. 1155.

## II.

There is no analogy between the powers of an *administrator* and those of an *executor.* Those of the latter are alone derived from dispositions *mortis causa.* R. C. C. 1570, 1574, 1659.

If the testator has not given his executor seizin of his property, the latter cannot acquire it. R. C. C. 1659.

## III

The cases chiefly relied upon by the judge *a quo* were those in which the powers of executors were defined. 6 La. 97; 34 Ann. 322; 37 Ann. 418; 9 Ann. 302; C. P. 123.

In such cases it was necessary that the heirs be made parties.

## IV.

In another class of cases cited by him, the court held that an administrator cannot sue to annul *simulated* acts of the *intestate,* whose succession he represents. 21 Ann. 150; 18 Ann. 51; 6 Ann. 494; 14 Ann. 610; 12 Ann. 684, 759; 30 Ann. 580.

Otherwise if the rescission of such acts be necessary to pay debts of deceased.

## V.

This suit was brought to annul a tax sale. It does not fall in either category mentioned. In such case an administrator has full authority. R. C. C. 1049, 1155; C. P. 111; 9 Ann. 589; R. C. C. 51, 1113; 26 Ann. 214; 14 Ann. 156; 33 Ann. 1225, 1037.

### *Egan & Pierson* for Defendants and Appellees:

When the succession is so abundantly form ventl property in possession, and the widow and heirs are all of age and present in the State, (to whom alone the *residuum* belongs after paying debts ) the administrator alone without being joined by the heirs and widow, (who alone are interested), cannot sue for or stand in judgment to annul an alleged tax sale under which defendant claims, and is in possession under a tax sale made of the property, as that of a third person prior to the death of the deceased, whose succession is being administered 37 Ann. 417, 34 Ann. 322; 30 Ann. 576-80; 21 Ann. 150; 9 Ann. 213-302; 6 La. 97.

An amendment to pleadings is where a party to the suit offers to amend or alter his pleadings previously made in court. C. P. 419. But a petition by third persons asking to become parties to the suit, either by joining the plaintiff or defendant or by opposing one or both, is an intervention. C. P. 389.

An amendment or intervention comes too late after judgment sustaining the peremptory exception of want of proper parties and of no cause of action in the plaintiff's petition. 35 Ann. 281; 34 Ann. 323; 7 N. S. 645.

The opinion of the Court was delivered by

FENNER, J. This is an action of revendication of certain real estate, claimed as the property of the succession, but in the adverse possession of a third person under a title derived from a tax sale, which is alleged to be null and void.

The action was brought in the name of the administrator alone and was met *in limine* by an exception that the plaintiff in his petition "has set forth no necessity or right to bring this suit without joining the heirs as co-plaintiffs with him or that it is necessary that he should recover the property in question in order to discharge the debts and charges of the succession," and that "the heirs should have been joined as parties to the suit."

This exception was overruled by the court and thereafter the defendants filed answer to the merits.

Subsequently the defendants filed the following peremptory exception: "That this is a real action, and all the heirs are present and represented in the State; said succession is solvent. Defendants except that, this being a real action, the right of property and the right to bring this suit rests alone in the heirs and not in the administrator."

Plaintiff opposed to this exception the ruling on the former exception as *res judicata;* but the court overruled this plea on the ground that the subject matter of the two exceptions was not the same. This was not error. The first exception went to the sufficiency of plaintiff's allegations on the face of the petition, and the ruling on it merely decided that it was not essential for an administratior, in bringing such an action, to allege the solvency of the estate or the absence of the heirs.

The second exception tendered an issue of fact and assumed the burden of proving the facts alleged as a basis for the legal right claimed. The issues were different and the judge rightly overruled the plea of *res judicata*.

On hearing, the proof showed that all the heirs were majors and present in the State. On the question of solvency, the evidence of a single witness was introduced showing, in substance, that the inventoried value of the succession property, consisting of lands, was about $16,000; that the succession owed debts of about $1,600 to persons outside of the family, besides a claim in favor of one of the heirs of $4,000 or $5,000, concluding with the statement: "The succession is solvent and is worth, at the inventoried value, some $6,000 or $8,000 over and above the amount of its indebtedness."

Upon this evidence, the judge maintained the exception and dismissed the suit, basing his ruling on the legal proposition that the administator of a solvent succession, when the heirs are present or represented, cannot maintain a real action, in his own name, without joining the heirs as parties.

The question presented is, whether an administrator of a succession, which has never been accepted by the heirs, and which, though apparently solvent, owes large debts, can maintain a real action to recover property claimed to belong to the succession and held by adverse title, not derived from the decedent, and the attack on which involves no assault upon the latter's acts.

We have examined every case referred to by the judge *a quo* or by the defendant's counsel, or which we have been able to find in the books, without discovering one applying the necessity of making the heirs parties in *such* an action, to an administrator situated like the plaintiff herein.

We shall now review them in their chronological order:

Executors of Hart vs. Boni, 6 La. 97, was an action by *executors* with seizin, to annul a donation *intervivos of decedent*, and it was held that such executors could maintain the real action, but that, if the heirs were interested and were present or represented, they should be made parties.

Scott vs. Key, 9 Ann. 213, was a case where the defendant was administrator of one who had died in possession of slaves and movables which had been duly inventoried as part of his estate and were held by the administrator in his capacity as such. He had paid *all the debts* of the succession. An action was brought against him individually, for the property, as a trespasser; and the court held that he should have been sued as administrator and that the heirs should be joined with him.

Cronan vs. Executors, 9 Ann. 302, simply enforced the letter of Article 123, C. P., that "all real actions must be brought both against the executor and the heirs present or represented."

Succession of Weigle, 18 Ann. 49, involved the right of an administrator to attack authentic acts of his decedent on the ground of simulation, when not alleged to be in fraud of creditors, and the court, doubting whether judgment in the case would be binding on the forced heirs who could alone attack such acts, remanded the case to allow such heirs to become, or be made parties. To same effect, see 6 Ann. 494; 14 Ann. 610; 12 Ann. 684, 759.

The same case, 21 Ann. 150, simply held that, the heirs being necessary parties and having become parties, they should have been made parties to the appeal which, in failure thereof, was dismissed.

Ledoux vs. Burton, 30 Ann. 576, was an action by the administrator of a succession which had *no creditors* attacking the validity and reality

of sales made by the decedent, and the Court held that the heirs present or represented were necessary parties to such an action.

Bird, ex'r, vs. Generes, ex'r, 30 Ann. 576, simply enforced the letter of C. P. 123.

Giddens vs. Mobley, 37 Ann. 417, was the case of an executor of a foreign decedent whose debts, legacies and charges had all been paid, who qualified in this State solely for the purpose of suing for land situated here; and we held that, under such circumstances, the "land had devolved to the heirs, who alone could sue for it."

It is obvious that none of the foregoing cases touch the question now before us. They all rest upon the peculiar powers of executors or upon the particular *status* of the administrators in the several cases, viz: when, in the absence of creditors, the administrator assumed to assail acts of the decedent which only forced heirs could be heard to attack.

On the other hand, in the case of Pauline vs. Hebert, 14 Ann. 156, which was a real action brought against the administrator alone, and where the latter's capacity to stand in judgment was raised, the Court said: "We see no objection to the form of the action. The heirs may not have accepted the succession, and as the administrator must represent the creditors also, we see no objection to his standing in judgment for the protection of the rights of all parties in the effects of the succession entrusted to his administration. The article (123) of the Code of Practice relative to testamentary executors is not applicable. The powers of the testamentary executor were very different from those of the administrator."

Turning now to the textual provisions of our Codes, we find that there are four classes of persons to whom are confided the administration of successions, viz: 1st. Executors, when there is a will; 2d. Curators of vacant estates, when the heirs are unknown or reject the succession; 3d. Curators of absent heirs, when the heirs are absent and not represented in the State; 4th. Administrators, when the heirs, though present or represented, do not accept or reject the succession, but avail themselves of the benefit of inventory.

With regard to executors, Art. 123 of the Code of Practice especially provides that real actions cannot be brought against them without making the heirs parties; from which it is inferred that a like rule applies to real actions brought by them, though this is not settled as to all cases. But if it had been intended that the same rule should apply to administrators, it is strange that it should not have been so expressly provided. On the contrary, Art. 122 provides that all kinds of actions may be brought against curators of vacant successions, and that judg-

ments rendered against such curators shall be "as valid and efficacious
as if they had been rendered against the heirs themselves."

We note the language employed in the first clause of the article, viz:
"When all the heirs are absent and not represented in the State," but
such language is surplusage as applied to curators of vacant estates,
which are only *vacant* when the heirs are unknown or reject the suc-
cession. This and other clauses of the article apply to curators of ab-
sent heirs.

Besides, Art. 1113 of the Civil Code had already provided that all
kinds of actions should be brought against the curators of vacant suc-
cessions.

Now, when we read in Art. 1049 of the Civil Code that administra-
tors "have the same powers and are subject to the same duties as the
curators of vacant estates," we naturally assimilate their rights to sue
and be sued to those possessed by such curators rather than to those
of executors.

Besides, Art. 1058 of the Civil Code requires administrators to settle
all the affairs of the succession and, after payment of the debts, to pay
over the surplus to the heirs.

This implies the right and duty to recover the property, as much as
to collect the debts, of the succession. Otherwise he cannot settle its
affairs and ascertain the surplus. It is not for him, it is true, to assail
the validity of acts done by the decedent, unless necessary for the pro-
tection of creditors; and if he have already settled all the debts and
charges of the succession, it is improper for him to institute new ac-
tions, because the objects of his agency have been fulfilled and he
should give way to the heirs who are the only persons interested and
may assert their own rights.

But certainly, so long as the debts are unpaid and the affairs of the
succession are unsettled, if he discover property belonging to the suc-
cession held by adverse title not derived from the act of decedent, it is
his duty to reclaim it, and he has the right to sue for it without joining
the heirs.

Such heirs are exercising their legal right of awaiting the settlement
of the succession, in order to receive what may come to them without
incurring liability for its debts; and for the preservation of this right
it is essential they should do no act indicating an intention to accept
or which they would have no right to do except in the quality of heirs.
C. C. 988. They could not join in a suit for succession property except
in the quality of heirs, though perhaps, under Art. 998 they might es-
cape the effect of acceptance by proper "reservations and protesta-

tions." But if they prefer to stand aside and let the administrator act in his own name, we see no reason why they should not be permitted to do so.

Under the circumstances of this case, we think the administrator had the right to stand in judgment and that defendants' exception should have been overruled.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; that the exception of defendants be overruled at their costs; and that the case be now remanded, to be proceeded with according to law, defendants and appellees to pay costs of this appeal.