(43 South. 151.)

No. 16,151.

VOELKEL v. Succession of AURICH.

(Feb. 4, 1907.)

1. APPEAL — APPEALABLE INTEREST—DISMISSAL.

Where an attorney for a litigant moves, as such attorney, for an appeal from a judgment against his client, but alleges error to the prejudice of the "mover," and prays that he ("mover") be allowed an appeal, and the order, prepared by him, grants the appeal to the "mover," and it is not pretended that such attorney has any appealable interest, the appeal will be dismissed.

2. SAME—ABSENCE OF PARTIES.

This court is obliged to notice, of its own motion, the absence of proper parties, since it has no authority to adjudicate the rights of persons who are not before it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3140.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by William E. Voelkel, Jr., against the succession of Catherine Aurich. From a judgment dismissing rule taken on behalf of the succession, it appeals. Dismissed.

Robert John Maloney, for appellant. William Henry Byrnes, Jr., and James J. McLoughlin, for appellee.

## Statement of the Case.

MONROE, J. This is an appeal from a judgment dismissing a rule taken on behalf of the succession of Miss Catherine Aurich to compel P. H. Quinlan to accept title to certain real estate which had been adjudicated to him, and condemning the succession to return to said Quinlan the sum of $520 deposited by him, together with legal interest from the day of the deposit. The appellee answers, praying that he be allowed damages as for frivolous appeal.

The facts are: That in January, 1904, Ewald, Catherine, Laura, Tillie, Pauline, and Viola Aurich (Tillie Aurich being the wife of C. R. Ernst, and Pauline the wife of F. D. Bolton), children of Mr. and Mrs. J. G. E. Aurich, and William E. Voelkel, Jr., a grandson (representing his mother, Emma Aurich, deceased wife of William E. Voelkel), were put in possession of the estates of Mr. and Mrs. Aurich, in the proportions of one-seventh each. On May 28, 1904, the other heirs, by act before R. J. Maloney, notary, transferred their interests in the real estate inherited by them to their sister Catherine, after which Pauline (wife of Bolton) died, leaving minor children, and her death was followed in April, 1905, by that of Catherine, who left a will, in authentic form, making her sister Laura her universal legatee and executrix, and containing the following statement, to wit:

"I desire it to be known that all the property which was transferred to me by act of sale before Robert J. Maloney, Notary Public, on May 27, 1904, was only put in my name for convenience, to be sold by me for account of my brother and sisters and my nephew, and that all of the real estate now standing in my name belongs to me in indivision with Laura Aurich, Ewald Aurich, the children of Pauline Aurich, wife, now deceased, of French D. Bolton, Viola Aurich, Tillie Aurich, wife of Charles R. Ernst, with the exception of the property No. 2103 Magazine Street, which belongs, wholly, to me, alone. My nephew, William E. Voelkel Jr., received his undivided interest from me by an act passed before Robert J. Maloney, Notary Public, on November 11th, 1904," etc.

This will was probated, and the executrix, Laura Aurich, confirmed in April, 1905, and in October following she died, and her sister Viola was appointed in her stead. The succession of Laura Aurich was then opened, and her brother, Ewald, was appointed adminis-

trator, and subsequently he and his sisters Viola and Tillie (wife of Ernst) were put in possession, by judgment of court, as the sole heirs of the decedent, Laura, in the proportions of one-third each. In December, 1905, William E. Voelkel, Jr., filed a petition, alleging that he and the succession of Catherine Aurich were the owners, in the proportions of one-seventh to him and six-sevenths to the succession, of certain real estate (being the property referred to in the will of Catherine Aurich as having been put in her name by all the heirs for their convenience), and praying that the succession, through Viola Aurich, dative testamentary executrix, be cited, and that there be judgment ordering a partition, etc. To this the party made the defendant answered, and later there was judgment recognizing plaintiff and defendant as owners of the property in the proportions of one-seventh and six-sevenths, respectively, and ordering that the same be sold. It was accordingly sold, and, one piece having been adjudicated to P. H. Quinlan for $5,200, he declined to accept the title, whereupon the rule now under consideration was taken, on behalf of the succession of Catherine Aurich, to compel him to do so, to which he answered, in effect, that the adjudication was null and the title tendered defective for the reasons that the necessary parties were not before the court in the partition proceedings; that the succession of Catherine Aurich, the sole defendant, owned no interest in the property which was the subject of the partition, that the succession of Laura Aurich owned two-sevenths interest, which was improperly omitted in the inventory, and that Ewald, Viola, and Tillie Aurich (the latter being the wife of Ernst) were illegally put in possession of the estate of Laura Aurich as sole heirs, to the exclusion of Wm. E. Voelkel, Jr., and the minors Bolton; that the succession of Mrs. Bolton had never been opened; and that her minor children, domiciled in Virginia, had not been provided with a representative.

The rule was called for trial on March 23, 1906 (the adjudication having been made on March 6th), and the following admission was placed of record, to wit:

"It is admitted * * * that Pauline, one of the original Aurich heirs, died, and has left two minor children [it appears that there are four], who are unrepresented in this proceeding and have not been represented at any time during the partition proceedings."

The rule was then (after the offer in evidence of the proceedings in the successions of J. G. E. Aurich, Catherine Aurich, and Laura Aurich and in the partition suit) continued, and was again called for trial on April 6th, when counsel for plaintiff offered certain proceedings which had been taken in the meanwhile, including those of a family meeting, held March 29th, on behalf of the Bolton minors, purporting to ratify the partition proceedings and the adjudications made pursuant thereto, which offer was objected to and the objection sustained. Counsel then offered the procès verbal of the auctioneer, and the rule was submitted and dismissed, and the succession of Catherine Aurich (plaintiff in rule) condemned to refund the deposit which had been made by defendant in rule, with interest. The judgment so rendered having been signed on April 12th, there was filed on April 16th the following motion, viz.:

"On motion of Robert J. Maloney, of counsel for the succession of Catherine Aurich, and of Paul W. Maloney, of counsel for Wm. E. Voelkel, Jr., and on suggesting to this honorable court that movers are aggrieved by the judgment rendered on the rule taken herein, in the above-numbered and entitled cause, by which judgment was rendered against movers on the 6th day of April, 1906, and signed on the 12th day of April, 1906, and the judgment being contrary to the law and the evidence, he desires to take a suspensive appeal therefrom to the Supreme Court of Louisiana, according to law. It is ordered that a suspensive appeal be granted to movers herein, returnable to the Supreme Court of the state of Lousiana on the first Monday of May, 1906, on movers furnishing bond with good and solvent security in the sum of $900, according to law."

Upon the face of this motion there appears what we assume to be the initials of the trial

judge, and we find in the record a bond of appeal in which Wm. E. Voelkel, Jr., and the succession of Catherine Aurich, are principals.

## Opinion.

There is no appellant before this court who discloses any interest in the subject-matter of the controversy. As will be seen by reference to the motion of appeal which has been copied in the statement, "Robert J. Maloney, of counsel for the succession of Catherine Aurich, and Paul W. Maloney, of counsel for Wm. E. Voelkel, Jr., complain that they ['movers'] are aggrieved by the judgment * * * rendered against movers," and allege that "he" [meaning, no doubt, "movers"] desired to appeal therefrom, whereupon the order follows granting a suspensive appeal to the "movers," on their furnishing bond, etc.

The "movers," however, disclose no interest which entitled them to appeal, and they furnished no bond.

This court is obliged to notice, of its own motion, the absence of proper parties; since it has no authority to adjudicate the rights of persons who are not before it.

In the case of Kraeutler and Another v. Bank of the United States, 12 Rob. 458, one of the grounds of a motion to dismiss was that "the right of appeal can only be exercised by the defendants, and not by their attorney, in his capacity as such"; and this court said:

"The petition for appeal, it is true, is in the name of the attorney appointed to represent the bank; but he alleges that the error in the judgment is to the prejudice of the defendants, wherefore he prays, in their behalf, for an appeal, and it is granted to them in the order of the judge. We do not look so much to the form pursued as to the substance, and no one can hesitate in saying that the appeal is that of the bank. The attorney, as such, has no such interest, known to us, as will authorize him to appeal separately from those he represents."

In the instant case the motion alleges error to the prejudice, not of the plaintiff in rule, but of the "movers," who are the attorneys, asking that they, and not their clients, be allowed an appeal; and the appeal is granted to them, and not to their clients; but they have no appealable interest, and make no pretense that they have. The appeal must therefore be dismissed. We are, however, unwilling to say that the appeal was taken in bad faith, and the damages prayed for will not be allowed.

It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed, at the cost of the appellants.