The judgment appealed from is accordingly affirmed.

---

(51 South. 579.)

No. 17,560.

Succession of PRESTON v. BRADY et al.

(Feb. 14, 1910.)

(Syllabus by the Court.)

EXECUTORS AND ADMINISTRATORS (§ 130*) — PETITORY ACTION—RIGHT OF ADMINISTRATOR TO MAINTAIN.

An administrator of a succession which owes no debts has no right to bring alone a petitory action to recover real estate alleged to belong to the succession, where there are present in the parish heirs who have accepted the succession.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 538; Dec. Dig. § 130.*]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Peter Young, administrator of Luther C. Preston, against Charles Brady and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Gustave Lemle, Albert Guilbault, and A. A. Moreno (Louis A. Hubert, of counsel), for appellant. McCloskey & Benedict and Frank W. Hart, for appellees. Gus. A. Llambias, for absent heirs.

Statement of the Case.

NICHOLLS, J. The present is a petitory action, which was brought by Peter Young, as administrator of Luther C. Preston, against the defendants, who were alleged to be in the actual physical possession of certain described property, without any right to remain on the same, and that they refused to deliver possession of the same, without any legal cause for said refusal.

Plaintiff alleged that the succession of which he was the administrator was the owner of said property.

Defendants answered, pleading first a general denial. They admitted that they were in possession of the property, but denied that they were without any right to remain on the same, for the reason that they were the tenants of Alexander Rousseau, the owner of said property, for more than 10 years last past, and since his death they had occupied the premises as tenants of his succession. They prayed that plaintiff's suit be dismissed.

Plaintiff then filed a supplemental and amended petition, in which he first reiterated all the allegations of the original petition. He then alleged that the succession of Alexander Rousseau was also in the actual possession of the property described in the original petition, without any right to remain on said property; that James J. Woulfe was the testamentary executor of said succession; that Richard F. Dalon (of whom Justin C. Dalon was the tutor) was the universal legatee of Alexander Rousseau under his will, which had been probated; that the said testamentary executor and the said tutor refused, without legal right so to do, to deliver said property to petitioner.

Plaintiff alleged that Luther C. Preston purchased the property described in the petition from Mrs. Catherine Hopkins, wife of Joseph M. Baker, on February 26, 1861, by notarial act which was duly recorded. He prayed for citation upon the parties, that the succession of Luther C. Preston be decreed to be the owner of the property, and that the defendants be ordered to deliver possession of said property to petitioner, with the rents thereof for 15 years.

James J. Woulfe, on behalf of the succession of Alexander Rousseau, and Justin C. Dalon, on behalf of his ward, Richard F. Dalon, pleaded in bar of plaintiff's demand

the prescription of 1, 3, 5, and 10 years. They further excepted that plaintiff, as administrator, was without legal right or capacity to institute this action, and that plaintiff showed no cause of action. The exception of no right of action was overruled, and that of prescription referred to the merits.

Defendant Woulfe, as testamentary executor, and Justin C. Dalon, as tutor, under benefit of their exceptions, answered, pleading first a general denial. Further answering, they specially denied that the parties referred to in the petition of plaintiff were the legal heirs of Luther C. Preston, or that Luther C. Preston died intestate. They averred that he left a will wherein he bequeathed everything of which he died possessed to his wife, Bridget Hynes; that said Luther C. Preston died on the 4th day of January, 1883, without legal ascendants or descendants, and that his said wife neglected to open his succession at that time, and, well knowing herself to be his universal legatee, went into physical, actual, tangible possession of the property herein in controversy in said month of January, 1883, and exercised all the rights of ownership over said property from said date until the time of her death; that she resided therein continuously up to the date of her death on February 21, 1892; that theretofore, to wit, on the 20th day of February, said Mrs. Preston made her nuncupative will by public act before James J. Woulfe, notary public, in this city, and therein bequeathed unto the late Alexander Rousseau the property herein in controversy; that thereafter said Alexander Rousseau caused her succession to be opened and said will to be probated, and on the ———— day of ————, 18—, in the proceedings No. 35,297 of the docket of the civil district court, the said will was duly filed, registered, and ordered executed, and thereunder said Alexander Rousseau took physical and tangible possession of said property, and held same as owner up to the time of his death as a possessor in good faith; that said Alexander Rousseau died on the 6th day of August, 1906, leaving an olographic will, which was duly filed, probated, and ordered to be executed in the matter of the proceedings had in his succession, No. 80,032 of the civil district court, on the ———— day of ————, 1906; that from 1883 until the time of her death the said Mrs. Bridget Preston, widow of the late Luther C. Preston, made various and sundry improvements to said property, erected structures thereon, and paid for repairs, taxes, and insurance thereon up to the date of her death, and that thereafter said Alexander Rousseau likewise made improvements upon the said property, erected a building thereon, and paid for insurance, repairs, and taxes aggregating the sum of $2,744.42, the whole of which was more fully and in detail set forth in the statement thereof annexed and made part of the answer, and marked "Exhibit A"; that the suit herein filed was filed as an afterthought; that Peter Young, the administrator of the succession, was the husband of one of the alleged heirs, and that said alleged heirs were fully cognizant, and had been cognizant for 20 years last past, of the ownership of said Mrs. Preston and of said Alexander Rousseau herein, and that this suit was now filed, after the lips of said Mrs. Preston and of said Alexander Rousseau were closed in death, and after said Mrs. Preston and Alexander Rousseau had by authentic and solemn acts of last will bequeathed the property in controversy to respondents to their knowledge; that the present suit partakes of the nature of a stale demand and was without equity, and said Peter Young, administrator, and the alleged heirs whom he represents, were estopped to further prosecute this suit; and for all of which causes, and others to be urged on the trial hereof,

respondents prayed that this suit should be dismissed, with costs.

And in the alternative, should it be decreed that the said Peter Young, as administrator, had any standing in court to prosecute this suit, or that the alleged heirs whom he represents had any rights of ownership in and to the property herein in controversy, then respondents prayed that they should be reimbursed the full amount of the taxes, insurance, improvements, repairs, etc., paid by them to their authors, amounting to the sum of $2,744.42 aforesaid, as shown in the annexed exhibit, that respondent be maintained in possession until payment thereof, and they prayed for all costs and general relief.

The district court, after hearing evidence, rendered judgment against the plaintiff, administrator, dismissing his suit, without prejudice to the rights of Luther C. Preston, if any, to sue the defendants for the property.

The plaintiff, Peter Young, as administrator, has appealed.

### Opinion.

It is not claimed by the administrator of the succession of Luther C. Preston, nor shown by the evidence adduced on the trial, that the said succession at the time of his appointment owed any debts, nor that it owed at the time of the institution of this suit any debts. It appears that Luther C. Preston died in New Orleans in 1883, and that no attempt was made to open his succession until July, 1906, when a petition was filed in the civil district court by Gabe Robert and Mrs. Elizabeth Robert, wife of Peter Young, and of Peter Young to authorize and assist his wife, in which petitioners, representing themselves to be residents of New Orleans, averred themselves to be the collateral heirs of Luther C. Preston, who died in 1883, and that an administration of the succession was necessary.

It was averred by petitioner that the deceased left as his collateral heirs his sister, Mrs. James Bennett, and other parties (not named), living in New Orleans and elsewhere. They prayed that an inventory of the property of the succession be made, and that an attorney at law be appointed to represent the absent heirs, and by reason of such request G. A. Llambias was so appointed, and an inventory was ordered to be made, which order was carried into effect.

In the same petition it was prayed that Peter Young be appointed administrator of the succession.

After due proceedings, he was appointed and qualified as such, and letters of administration were issued to him. The district court, in finally disposing of the case, used the following language:

"It appears from the evidence that Luther C. Preston died in 1883; that his widow (he having no forced heirs) remained in possession of the property in dispute here until her death in 1892, claiming and exercising control over it as owner; that she left a will devising all her property and rights to Alex. Rousseau; that he accepted and went into possession, and claimed and managed the property until August, 1906, when he died, leaving a testament (he having no forced heirs) instituting the defendants as his heirs, who were recognized and have been in possession as owner and undisturbed until this suit was brought, October 11, 1906, by the administrator of the succession of Luther C. Preston, which was not opened until 1906, after all the other proceedings herein mentioned above, on the petition of certain persons alleging themselves to be his collaterals or next of kin. There is no proof in the record that these persons are related to Luther C. Preston, or that they are his heirs. There is no knowing that the estate of Preston owes or ever owed any indebtedness. There is no showing of anything justifying an administration. After 26 years of silence and inaction, without proof of heirship or right, they procured an administrator on ex parte application, and he sues to oust the defendants, who are actual possessors under color of title, simply to recover the property for their alleged heirs, whose heirship the defendants specially deny. The case, as developed, is different from the showing on the face of the petition, and my reasoning, and the authorities cited for overruling defendants' exception to plaintiff's capacity, I do not find applicable. Judgment

for defendants, dismissing suit, at plaintiff's costs, without prejudice to the right to legal heirs of Luther C. Preston, deceased, if any, to sue the defendants for the property herein involved."

We are of the opinion that the judgment of the district court was correct. In the decision of this court in Woodward v. Thomas, 38 La. Ann. 241, on which plaintiff greatly relies, the facts of the case were different from the one now before the court. The organ of the court in that case said:

"The question presented is whether an administrator of a succession which has never been accepted by the heirs, and which, though apparently solvent, owes large debts, can maintain a real action to recover property claimed to belong to the succession and held by adverse title not derived from the decedent, and which involves no assault upon the latter acts."

Here some of the alleged heirs are residents of the state and have accepted the succession, and the succession does not and never has owed, so far as the record shows, any debts.

In passing upon the issues in the Woodward Case the court said:

"But certainly, so long as the debts are unpaid and the affairs of the succession are unsettled, if he discovers property belonging to the succession held by adverse title, not derived from the act, he has the right to sue for it without joining the heirs."

Reference was made in the argument to the fact that the attorney of absent heirs had joined the plaintiff in bringing the suit; but such was not the fact. He is nowhere mentioned in the pleadings and only "signs" the petition as attorney of absent heirs. His appointment as such was only made to guard (as a precautionary step) the possibility of there being such absent heirs by making them parties defendant. Whether there are in fact such absent heirs does not appear from the record. Appellees cite in support of the judgment: Succession of Harkins, 2 La. Ann. 923; Alleman v. Bergeron, 16 La. Ann. 191; Succession of Sutton, 20 La. Ann. 150; Brashear v. Conner, 29 La. Ann. 347;

Burns v. Van Loan, Id. 562; Burton v. Brugier, 30 La. Ann. 478; Succession of Walker, 32 La. Ann. 321; Succession of Hébert, 33 La. Ann. 1099; Succession of Baumgarden, 35 La. Ann. 127; Succession of Welch, 36 La. Ann. 702; Succession of Thibodeaux, 38 La. Ann. 716; Succession of Graves, 50 La. Ann. 435, 23 South. 738; Succession of Wintz, 111 La. 40, 35 South. 377; Voelkel v. Succession of Aurich, 118 La. 525, 43 South. 151.

We are of the opinion that the judgment appealed from should be, and it is hereby, affirmed.