O’NIELL, Chief Justice.
 

 This suit was instituted by Ludger B. Griffith as administrator of the estate of Isaac Griffith and as curator of absent heirs. The plaintiff alleges that there are absent heirs of Griffith, but they are not named in the petition. The plaintiff is suing also in his own right as an heir of Isaac Griffith. It is alleged that he died on the 12th of February, 1853. The object of the suit is to recover from the defendants, who are the heirs of Patrick Glaze and of his wife, Melvina Thomas Glaze, the half interest claimed by the heirs in 161.44 acres of land described as N.W.^ of Section 6, T. 2 S., R. 3 E. The plaintiff avers that Isaac Griffith acquired the 161.44 acres of land from the United States Government by certificate of entry dated May 17, 1850, the title being -finally confirmed by a patent issued to Isaac Griffith and to his heirs or assigns on August 20, 1926. The plaintiff avers that Isaac Griffith had acquired this land by an entry from the United States Government on December 26, 1835, and that, on December 30, 1836, he sold a half interest in the land to Patrick H. Glaze, but that, thereafter, on April, 15, 1846, on account of a contest on the part of one. William McKee, the Commissioner of the General Land Office ordered .the entry of Isaac Griffith to.
 
 *402
 
 be recalled. It is alleged that the contest was decided in favor of Isaac Griffith in 1850 and that then a new title was conveyed to him by the Commissioner of the General Land Office, which title resulted in the patent being issued to Isaac Griffith and his heirs or assigns on August 20, 1926. The plaintiff contends that this title which Isaac Griffith acquired from the United States Government in 1850, and which was confirmed by the patent dated August 20, 1926, being a new title, did not inure to Patrick H. Glaze, to whom Isaac Griffith had sold the half interest in the land on December 30, 1836. The defendants, being the heirs of Patrick H. Glaze and his wife, Melvina Thomas Glaze, claim that the title which was conveyed by the sale by Isaac Griffith to Patrick H. Glaze on December 30, 1836, was perfected by the subsequent acquisition of the title by Isaac Griffith from the United States Government, in 1850. • The. plaintiff avers that the defendants were recognized as the heirs of Patrick H. Glaze and his wife, Melvina Thomas Glaze, by an ex parte judgment of the district court for Avoyelles Parish on January 29, 1937, in which judgment they were declared to be the owners by inheritance from Patrick H. Glaze and' his wife, Melvina Thomas Glaze, of the half interest in the 161.44 acres of land described as N.W.% of Section 6, T. 2 S., R. 3 E. The plaintiff avers that this ex parte judgment is null, so far as it recognizes the defendants to the the owners of a half interest in the 161.44 acres of land, because the judgment, to that extent, was founded upon a title which was annulled by the order of the Commissioner of the General Land Office, recalling Isaac Griffith’s original entry of the land. In that connection, the plaintiff avers that the price for which Isaac Griffith sold the half interest in the 161.44 acres of land to Patrick H. Glaze on December 30, 1836, was declared to be $1,200 represented by -a promissory note signed by Glaze and payable to Isaac Griffith or order on March 1, 1838; and that no part of the price was ever paid. If the price was not paid the debt is now more than 105 years old and on the first day of next month will be 104 years past due.
 

 The defendants filed an exception of want of capacity of the plaintiff as administrator of the succession of' Isaac Griffith to institute this suit; and they filed an exception of nonjoinder of the heirs as parties plaintiff, and an exception of lis pendens. After trial of these exceptions they were maintained and the plaintiff’s demand was rejected. He is appealing from the judgment.
 

 The exception of nonjoinder of the heirs as parties plaintiff is founded upon the same proposition on which is founded also the exception of want of capacity of the plaintiff as administrator to institute the suit; that is, that if anyone has the right of action which is asserted by the plaintiff as administrator the heirs of Isaac Griffith are the ones who have the right of action. In this connection, the defendants contend that the appointment of the plaintiff as administrator of the estate of Isaac Griffith is null because the estate did not owe any debts. There is no showing that the estate owed any debts and it
 
 *403
 
 is reasonable to assume that there was no debt after Griffith had been dead more than eighty-eight years. The defendants contend — and cite a number of decisions to sustain their contention — that there is no authority for a court to appoint an administrator of a succession that owes no debts. On the other hand the plaintiff’s attorney cites a number of decisions to sustain his argument that, after a judge having jurisdiction over the succession of a deceased person appoints an administrator of the estate, the appointment is not subject to collateral attack by the defendant in a suit brought by the administrator. It is not necessary to go iurther into this question of the right of the defendants to attack collaterally the appointment of the plaintiff as administrator; it is sufficient to say that the defendants have an interest in pleading — and hence the right to plead — in defense of this suit that an administrator has no right to bring a real action to recover property for the succession which he represents if the succession does not owe any debts; and this is true particularly with regard to a suit to recover a title which was conveyed by the person whose succession the administrator represents. Executors of Hart v. Boni, 6 La. 97; Ledoux v. Burton, 30 La.Ann. 576; Woodward v. Thomas, 38 La.Ann. 238; Succession of Robertson, 49 La.Ann. 80, 21 So. 197, on rehearing; Succession of Preston v. Brady, 125 La. 535, 51 So. 579; Bull v. Andrus, 137 La. 982, 69 So. 799; Succession of McBurney, 162 La. 758, 111 So. 86.
 

 The appellees invoke the doctrine that a title acquired by one who previously made a sale purporting to convey the title to a third party inures to the third party. That doctrine is more appropriate to the merits of this case than it is to the question of capacity of the administrator to maintain the suit. The doctrine itself is too well settled to admit of dispute. Stokes v. Shackleford, 12 La. 170; Rapp v. Lowry, 30 La.Ann. 1272; City of New Orleans v. Riddell, 113 La. 1051, 37 So. 966; Chevalley v. Pettit, 115 La. 407, 39 So. 113; Wells v. Blackman, 121 La. 394, 46 So. 437; Brewer v. New Orleans Land Co., 154 La. 446, 97 So. 605; Guice v. Mason, 156 La. 201, 100 So. 397; St. Landry Oil & Gas Co. v. Neal, 166 La. 799, 118 So. 24. The rule has been applied even to a case where a State has granted land for which she had no title, but for which she afterwards acquired title from the United States. In the case of Wolcott v. Des Moines Navigation & Railroad Co., 5 Wall. 681, 72 U.S. 681, 687, 18 L.Ed. 689, where the Navigation
 
 &
 
 Railroad Company sold to Wolcott a tract of land for which the company had acquired a grant from the State of Iowa, and which was supposed to have been acquired by the State of Iowa from the United States, but which in fact was not embraced in the grant made by the United States to the State of Iowa, it was held that a subsequent grant made by the Unit- ' ed States to the State of Iowa by an act of Congress inured to the Des Moines Navigation & Railroad Company and hence to Wolcott. The reason for the ruling that the subsequent grant by the act of Congress inured to the plaintiff, Wolcott, was stated thus: “for, although the State pos
 
 *404
 
 sessed no title for the lot in dispute at the time of the conveyance to the Des Moines Navigation & Railroad Company, yet, having an after-acquired
 
 title
 
 by the act of Congress, it would inure to the benefit of the grantees, and so in respect to their conveyance to the plaintiff.” That doctrine might sustain an exception of no right of action in this case, even so far as the plaintiff is suing in his own right as an heir of Isaac Griffith. The defendants did not file an exception of no cause or right of action in this case, but they are urging this doctrine of subsequently-acquired title to demonstrate the wisdom of the rule that an administrator of a succession has no right to institute for the benefit of the heirs a real
 
 action
 
 which the heirs do not see fit to institute. Our conclusion is that the judgment maintaining the defendants’ exception of want of capacity of the administrator to institute this suit is correct.
 

 The defendants’ plea of lis pendens is founded upon a suit filed in the district court for Avoyelles parish, by one Theodore M. Enochs against Mrs. Frank Cass and others, who, as the collateral heirs of Silas F. Thomas, were claiming title to a half interest in the same 161.44 acres of land, of which the other half interest is in contest in the present suit. Enochs, in his petition in the suit against Mrs. Frank Cass and others, acknowledged that the Glaze heirs, who are the defendants in the present suit, owned an undivided half interest in the 161.44 acres of land; and therefore Enochs averred that the Glaze heirs should join him as plaintiffs in the suit; hence he prayed to have them- cited, and they were cited, as defendants, in order that they might assert their title to the half interest which Enochs was not claiming in the 161.44 acres of land. Enochs’ suit was what is called (in Act 38 of 1908) an “action to establish title to real estate.” The action is available where the plaintiff has a recorded title to land which is claimed by another, and of which neither party is in possession. The real defendants in the Enochs suit, who were alleged to be claiming title to a half interest in the land as the heirs of Silas F. Thomas, were the heirs also of Isaac Griffith; and among them — named in Enochs’ petition — was Ludger B. Griffith, who is the plaintiff in the present suit. The heirs of Patrick Glaze filed an answer in the Enochs suit and set up their title against the heirs of Isaac Griffith to the half interest now in contest in the 161.44 acres of land. The ■heirs of Isaac Griffith, including Ludger B. Griffith, who were sued as the heirs also of Silas F. Thomas, filed exceptions in the .Enochs suit, and, these exceptions being overruled or referred to the merits, filed an answer claiming title to a half interest in the land. In their answer the Griffith heirs, including the plaintiff in the present suit, pleaded that Enochs had no right to compel them to contest with the Glaze heirs in that suit the question of title to the half interest which Enochs was not claiming, in the 161.44 acres of land. As a matter of fact, though, the Enochs suit then took on the character of an inter-pleader proceeding and was dealt with as a contest between Enochs and the Thomas heirs, who are also the Griffith heirs,
 
 *405
 
 over the title to the undivided half interest which is not in dispute in this suit, in the 161.44 acres of land, and as a contest between the Glaze heirs and the Griffith heirs over the title to the undivided. half interest which is in contest in the present suit, in the 161.44 acres of land. It appears that other parties, namely, Walter J. Morrison and Mrs. Edna Glaze Nash, individually and as curatrix of an interdict named W. C. Nash, were made defendants in the interpleader proceeding filed by the Glaze heirs; but that does not affect the plea of lis pendens in this suit. It is sufficient to say that a judgment was rendered recognizing Enochs to be the owner of a half interest in this tract of 161.44 acres of land, and recognizing the Glaze heirs to be the owners of the other half interest in the land. That part of the judgment which was in favor of the Glaze heirs was declared to be against Mrs. Edna Glaze Nash, individually and as curatrix of the interdict, W. C. Glaze, and against Walter J. Morrison; but, in the last paragraph of that part of the judgment, it was declared that the title of the Glaze heirs was “free from all adverse claims of the parties to this suit.” The judgment was rendered on March 21, 1941, and is yet subject to a devolutive appeal. If the judgment is allowed to become final it will be available •to support a plea of res judicata against any of the Griffith heirs, including Ludger B. Griffith, who were parties to the Enochs suit. Hence the judgment must sustain the plea óf lis pendens as long as the judgment is not final. Our conclusion is that the judgment of the district court sustaining the plea of lis pendens is correct.
 

 The appellant complains of a ruling of the district judge overruling his motion for a new trial. The motion was founded upon the fact that the whole record in the Succession of Isaac Griffith was not offered in evidence. The part which was omitted in the offering of the record was the opinion rendered by the judge of the district court in overruling an opposition to the appointment of Ludger B. Griffith as administrator. It is not contended that this missing document was actually offered in evidence. On the contrary, it is alleged by the attorney for the appellant merely .that he understood that the document was offered in evidence by the attorneys for the defendants. Conceding, for the sake of argument, that the opinion rendered by the judge of the district court in overruling the opposition to the appointment of Ludger B. Griffith as administrator might have been admissible in evidence in this case, it is certainly not indispensable in the deciding of the case. There is therefore no reason why we should remand the case for the introduction in evidence of that .part of the record of the Succession of Isaac- Griffith which was omitted in the offering of the evidence.
 

 The judgment is. affirmed..
 

 FOURNET and McCALEB, JJ., concur in the decree.