266 F.2d 76
 Guillaume DANOS, Sr., Administrator of the Succession of Bazelike Mire, wife of, and Urbin Danos, also known as Urbain Danossee, Appellant,
v.
WATERFORD OIL COMPANY, Gulf Refining Company and Humble Oil & Refining Company, Appellees.
 No. 17531.
 United States Court of Appeals Fifth Circuit.
 April 30, 1959.
 
 William J. Daly, New Orleans, La., William J. White, Gretna, La., for appellant.
 L. K. Benson, Andrew McCollam, Jr., Otis J. Dillon, Woodrow W. Jackson, Shreveport, La., Bernard J. Caillouet, New Orleans, La., Donald L. Peltier, Harvey Peltier, Thibodaux, for appellees.
 Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.
 WISDOM, Circuit Judge.
 
 
 1
 Guillaume Danos, Sr., as administrator of the Successions of Urbin Danos (or Urbain Danossee) and Bazelike Mire, who died in 1890 and 1879 respectively, brought a petitory action for the recovery of title to land situated in Lafourche Parish, Louisiana. The defendant oil companies filed a motion to dismiss and, alternatively, for summary judgment of dismissal, based on the ground that the administrator lacked the capacity to sue; that the heirs were indispensable parties; that joinder of some of the heirs would destroy diversity jurisdiction. The district court granted the motion and dismissed the suit.
 
 
 2
 About four years ago Guillaume Danos and one hundred eighty two other heirs of Urbin Danos brought a jactitation suit for possession of the same property involved in this case. The suit was filed in the 17th Judicial District Court for Lafourche Parish against the same defendants. The court found that the defendants had been in possession of the land for more than thirty years, and dismissed the plaintiffs' suit.
 
 
 3
 In January, 1956 the successions of Urbin Danos and Bazelike Mire were opened and the district court appointed Guillaume Danos, Sr. administrator. Danos then filed this action alone, as administrator of the successions.[1] If the administrator lacks the capacity to sue alone, there is no jurisdiction based on diversity of citizenship since the petition filed in the jactitation action alleged that some of the heirs of Urbin Danos are citizens of Texas. The defendant Humble Oil Company is a Texas Corporation.
 
 
 4
 Under Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.,[2] the capacity of a representative to bring suit for others is determined by state law. Lewis v. Fontenot, 5 Cir., 1940, 110 F.2d 65. Louisiana courts hold, with singular uniformity, that when a succession owes no debts the administrator alone lacks the capacity to enforce judicially real rights on behalf of the succession; the heirs are necessary parties, with the administrator, to bring suit.[3]
 
 
 5
 The defendants' motion is not a collateral attack on the appointment of the administrator but goes only to his capacity to sue. As the court observed in Griffith's Estate v. Glaze's Heirs, 1942, 199 La. 800, 7 So.2d 62, 64: "It is not necessary to go further into this question of the right of the defendants to attack collaterally the appointment of the plaintiff as administrator; it is sufficient to say that the defendants have an interest in pleading — and hence the right to plead — in defense of this suit that an administrator has no right to bring a real action to recover property for the succession which he represents if the succession does not owe any debts."
 
 
 6
 Urbin Danos has been dead for about sixty-eight years. Bazelike Mire died ninety years ago. If any debts ever existed, they are long since prescribed.[4] This case therefore is unlike Woodward v. Thomas, 1886, 38 La.Ann. 238, relied on by the plaintiff. In principle, the Woodward case supports the motion to dismiss:
 
 
 7
 "Art. 1058 of the Civil Code requires administrators to settle all the affairs of the succession and, after payment of the debts, to pay over the surplus to the heirs.
 
 
 8
 "This implies the right and duty to recover the property, as much as collect the debts, of the succession. Otherwise he cannot settle its affairs and ascertain the surplus. It is not for him, it is true, to assail the validity of acts done by the decedent, unless necessary for the protection of creditors; and if he has already settled all the debts and charges of the succession, it is improper for him to institute new actions, because the objects of his agency have been fulfilled and he should give way to the heirs who are the only persons interested and may assert their own rights."
 
 
 9
 Under Louisiana law Danos lacks the capacity to sue alone. This capacity is not cured by virtue of the convenience, to the plaintiff, of allowing such a suit by the administrator when the joinder of some of many heirs would destroy jurisdiction based on diversity of citizenship.
 
 
 10
 Judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 The only asset of the successions that was revealed by inventory was $10.00
 
 
 [2]
 Rule 17(b) provides in part:
 "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, * * *."
 Individuals suing in a representative capacity are within the category of "other cases". Jones v. Schellenberger, 7 Cir., 1952, 196 F.2d 852.
 
 
 [3]
 Griffith's Estate v. Glaze's Heirs, 1942, 199 La. 800, 7 So.2d 62; Succession of Preston v. Brady, 1910, 125 La. 535, 51 So. 579; Giddens v. Mobley, 1885, 37 La. Ann. 417; Hart & Co. v. Bowie, 1882, 34 La.Ann. 323; 1 McMahon, Louisiana Practice, p. 169
 
 
 [4]
 See Articles 3528, 3547, 3548, LSA-Civil Code of 1870