IN THE MATTER OF THE SUCCESSION OF SAMIE L. WILLIAMS
2008 CA 2156.
Court of Appeals of Louisiana, First Circuit.
June 19, 2009
Not Designated for Publication
DAVID L. DAWSON, Jr. Attorney for Plaintiff-Appellee, Henry A. Williams
CHRIS D. NAILS, Attorney for Defendant-Appellant Samie L. Williams, Jr.
Before: PARRO, McCLENDON, AND WELCH, JJ.
PARRO, J.
In this probate proceeding, a judgment for attorney fees and costs was entered against an attorney, who represented the child of a decedent. The child appealed. For the reasons that follow, the appeal is dismissed.

Facts and Procedural History
Samie L. Williams (the decedent) died testate on July 14, 2007. On July 20, 2007, Samie Lee Williams, Jr. (Samie Jr.) filed a petition for approval to search his father's bank box for a testament and other estate items. That proceeding was docketed as probate number 86,687 and will be referred to as "the first proceeding." Samie Jr.'s petition was subsequently amended, and his attorney, Clarence T. Nails, Jr. (Nails), was authorized to conduct a search of the decedent's bank box. On August 15, 2007, Nails filed an itemized list of his inventory of the decedent's safety deposit box. The decedent's last will and testament was included in the list. In his testament, the decedent bequeathed all of his property to the "Samie Lee Williams, Jr., Trust," with Henry A. Williams (Henry), the decedent's brother, named as the trustee and Samie Jr. designated as the income beneficiary of the trust. The decedent also declared that he wished for Henry to serve as the executor of his estate. Later that same day (August 15th), Henry filed a petition for notice of application for appointment as executor. That proceeding was docketed as probate number 86,814 and will be referred to as "the second proceeding."
On August 16, 2007, Samie Jr. filed a petition for possession in the first proceeding, seeking to probate the decedent's testament without an administration. The original testament was filed into the record at this time. Subsequently, Samie Jr. filed a petition in which he sought permission to pay an urgent debt, namely the attorney fees owed to Nails for his representation of Samie Jr. This request was denied on August 21, 2007, based on the trial court's recognition that Samie Jr. was required to rule the named executor into court to show cause why Samie Jr. should not be sent into possession of the estate property.
On August 21, 2007, Henry then filed a motion and order in the second proceeding, seeking to have Nails turn over the decedent's original testament so that it could be probated. In paragraph one of his motion, Henry averred that Nails had possession of the original testament and had refused to give it to Henry so that Henry could have it probated. In paragraph two, Henry stated that Nails attempted to solicit the representation of Henry knowing that he was represented by someone else, and when Henry declined, Nails stated that he was going to file a motion to have Henry removed as executor of the decedent's estate. In his motion, Henry prayed for the issuance of a rule nisi directed to Nails to show cause why the decedent's original testament should not be turned over to him and why Nails should not be found to be arbitrary and capricious and sanctioned to pay reasonable attorney fees and costs for the proceeding. On August 28, 2007, the trial court issued the rule nisi directed to Nails and included service information for Nails. An answer to the motion and order was filed on October 4, 2007, by Nails on behalf of Samie Jr. In Samie Jr.'s answer, he admitted the allegations in paragraphs one and two to Henry's motion. Additionally, he averred that the original testament had been filed in the first proceeding.
Following the hearing on Henry's motion, the trial court ordered that Henry be authorized to remove the original testament from the first proceeding in order to offer it for probate in the second proceeding. The judgment also ordered Nails, Samie Jr.'s attorney, to pay $500 in attorney fees and for all costs. Samie Jr. appealed. Henry filed an answer to the appeal, seeking additional attorney fees associated with the appeal.
Generally, the proper party in an appeal to consider the propriety of the award of attorney fees and costs against counsel for a party is the attorney. See Berard v. American Employers Insurance Company, 246 So.2d 687, 688-89 (La. App. 1st Cir. 1971); see also Franklin v. Harvill, 406 So.2d 696, 697 (La. App. 2nd Cir. 1981). Although sanctions were imposed against Nails (the attorney) only, it is Samie Jr. who filed the motion for appeal. Regarding Samie Jr.'s ability to appeal the sanctions imposed on Nails, we note that LSA-C.C.P. art. 2086 provides for third party appeals only when the third party could have intervened in the trial court. Pursuant to LSC.C.P. art. 1091, the terms on which an intervention is allowed are as follows:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
1) Joining with plaintiff in demanding the same or similar relief against the defendant;
2) Uniting with defendant in resisting the plaintiffs demand; or
3) Opposing both plaintiff and defendant.
We find that Samie Jr. has no interest in the sanctions imposed on Nails in his capacity as an officer of the court and that Samie Jr. has no right to appeal the trial court's decision. The right to appeal the sanctions is personal to Nails and to no other. See Sanders v. Gore, 95-660 (La. App. 3rd Cir. 7/10/96), 676 So.2d 866, 874-75, writ denied, 96-2072 (La. 11/15/96), 682 So.2d 762.
As an officer of the court. Nails had a duty to conduct himself at all times with decorum and in a manner consistent with the dignity and authority of the court and the role which he himself should play in the administration of justice. Furthermore, Nails had the duty to treat the court, the opposing counsel, and the opposing party with due respect. LSA-C.C.P. art. 371.[1] It is for breach of this duty that the court apparently imposed the sanctions. As an officer of the court, Nails should have known the consequences of his refusal to turn over the original testament for probate in the second proceeding. Accordingly, we find that Samie Jr. has no interest in the subject matter from which the appeal was taken.
This court is obliged to notice, on its own motion, the absence of proper parties. Samie Jr. failed to disclose an interest or right of action which entitled him to appeal from the judgment at issue. Therefore, this court has no authority to adjudicate the rights of Nails, who is not before it.[2] In so ruling, we render no opinion as to the propriety of the judgment against Nails for attorney fees and costs. See LSA-C.C.P. arts. 221, 222, 227, 863, 1420, 1447, 1469, and 1471; LSA-R.S. 13:4611. Consequently, we are unwilling to award additional attorney fees in favor of Henry as prayed for in his answer to the appeal.
For the foregoing reasons. Samie Jr.'s appeal is dismissed. All costs of this appeal are assessed to Samie Lee Williams, Jr.
APPEAL DISMISSED.
NOTES
[1] LSA-C.C.P. art. 371 provides:

An attorney at law is an officer of the court. He shall conduct himself at all times with decorum, and in a manner consistent with the dignity and authority of the court and the role which he himself should play in the administration of justice.
He shall treat the court, its officers, jurors, witnesses, opposing party, and opposing counsel with due respect; shall not interrupt opposing counsel, or otherwise interfere with or impede the orderly dispatch of judicial business by the court; shall not knowingly encourage or produce false evidence; and shall not knowingly make any misrepresentation, or otherwise impose upon or deceive the court.
For a violation of any of the provisions of this article, the attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is otherwise provided by law.
[2] Cf. Voelkel v. Succession of Aurich, 118 La. 525, 43 So. 151, 152-53 (1907).