### PONTALBA vs. PONTALBA.

#### APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

A curator *ad hoc* is intended by law as a protector to the interests of the absentee, and should be considered as principally beneficial to the defendant, and consequently the plaintiff in such a case is not bound to pay for services rendered by the curator.

The object of this suit, on the part of the wife, was to obtain the possession and control of her paraphernal estate, in which she succeeded, but was condemned to the payment of costs. A practising lawyer was appointed curator *ad hoc* to represent the absent defendant, residing in France, who took a rule on the plaintiff, to show cause why she should not pay him a fee of $500, for services rendered in the suit. The court *a quo* made the rule absolute, and the plaintiff appealed.

*Moreau,* for appellant.

*Dennis,* for appellee.

*Mathews, J.* delivered the opinion of the court.

In this case the plaintiff obtained a decree in the court below, by which her right to possess and administer certain property, claimed as paraphernal, was recognized. But as the suit was considered unnecessary, and consequently vexatious, as the attorney in fact of the defendant, had offered previously to do amicably all things required to give her possession of her paraphernal property, the judge *a quo* condemned her to pay the costs, and amongst the items as constituting costs, one of 500 dollars is found allowed to *H. R. Dennis,* Esq. who was appointed curator *ad hoc* for the de-

fendant, who resides without the jurisdiction of the State. The plaintiff acquieses in the decision of the Parish Court, in all things, except that part of the judgment which condemns her to pay this allowance to the curator appointed to defend the suit against her, and from this she appealed.

The appointment of the curator *ad hoc* (as this office is denominated by the Louisiana Code,) was provoked by the institution of the suit, as being necessary to enable the plaintiff to prosecute her claim. An officer of this kind is, nevertheless, intended by law as a protection to the interests of the absentee, and should be considered as principally beneficial to the defendant; and consequently, the plaintiff in such a case, is not bound to pay for services rendered by the curator. Any other person may be appointed as well as an attorney at law, and would have no right to claim any thing as taxed costs, when the curator, as in the present case, is also an advocate, regularly licenced to practice in the different courts of the state, he may claim the fee allowed by law, as in any other case, wherein he might succeed in throwing the costs of suit on his adversary; but as to any extra compensation to which he may be equitably entitled for services rendered, his remuneration should be allowed out of the funds of the person whom he represents. The case cited from 3d *Martin, p.* 364, we do not think applicable to the present. There the compensation was granted to the attorney of an insolvent, in consequence of an opinion then entertained by the court, that his services might fairly be considered as haing operated a benefit to the whole mass of creditors. The examples cited of judgments favourable to the defensors appointed in attachment cases, we consider equally inapplicable to the subject now before the court. The remuneration allowed in such cases, is always taken from the funds of the defendants. From the best view we have been able to take of this cause, our opinion is, that the Parish Court erred in allowing to the curator *ad hoc* the sum of 500 dollars, claimed by him as costs against the plaintiff.

A curator *ad hoc* is intended by law as a protector to the interests of the absentee, and should be considered as principally beneficial to the defendant, and consequently the plaintiff in such a case is not bound to pay for services rendered by the curator.

PONTALBA
*vs*
PONTALBA.

It is therefore ordered, adjudged and decreed, that the judgment of the court below, be in this respect avoided, reverted and annulled, and that it be affirmed in all other matters, allowing to the attorney for the defendant, his legal fees to be taxed according to law, if any be allowable, reserving to the defendant, Pontalba, his right to appeal.