## HEWET & CO. *vs.* WILSON ET ALS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where all the facts and circumstances of a case, are placed before a jury of the country, who make up their verdict on all the evidence adduced, with a knowledge of the parties, they are considered much more competent to decide between the parties litigant, than the court, which is bound to respect their verdict, unless clearly erroneous in law, or manifestly contrary to, or without legal evidence.

In a suit by a firm, for the restitution of stolen goods, in damages; where the wife is a party plaintiff, the acts and declarations of her husband, in relation to the matters in contest, in which he took an active part, are admissible in evidence, as forming a part of the *res gesta*. He must be regarded in this case, as representing his wife, with the consent of her partner.

The curator *ad hoc*, appointed at the institution of suit, is not entitled to a fee or an allowance, which is to be taxed in the costs of suit, and paid by the party cast. If he be an attorney, he may claim a fee as for professional services, or be allowed a remuneration for his services, to be paid in either case, by, or out of the funds of, the person whom he represents.

The plaintiffs allege that their store, in the parish of East Feliciana, was broken open and robbed, in the month of June, 1832, of five hundred dollars worth of goods, by a negro man slave, named "Big Sam," belonging to the defendant Wilson, then under the control, and in the charge of one Tuberville, his overseer; and charges the latter with running said slave beyond the limits of the state, and preventing the punishment authorised by law, from being inflicted on him; that they have sustained damages by the abstraction of said goods, to the amount of two hundred and fifty dollars, and defendants have forfeited their right of abandoning said slave, to satisfy said demand, and have become personally liable for the whole amount claimed, for which plaintiffs pray judgment.

The defendants separated in their answers; Wilson by his counsel, pleaded a general denial; denied any amicable demand being made, and relied on the facts and matters set up in the answer of his co-defendant.

Tuberville pleaded a general denial, and that he was only acting as the agent and overseer of Wilson, at the time the alleged theft was committed, and is not responsible therefor; that the plaintiffs charged said slave with the theft, at the time, and one of them was permitted to punish him, until he was satisfied, although the charge proved untrue. He specially denies running said slave off, and that the amount of goods charged to be stolen, is unfounded.

The testimony is somewhat contradictory. Stolen goods, proved to belong to plaintiffs, were found on the negro, which were estimated at something near two hundred and fifty dollars.

At the instance of the plaintiffs, a curator *ad hoc* was appointed to defend Wilson, one of the defendants, who was absent from the state. After verdict and judgment for

the defendants, and an unsuccessful motion for a new trial, the curator *ad hoc* moved the court, to allow him a fee of twenty-five dollars, as a defensor of the absent defendant, The court ordered this sum to be paid, and taxed in the bill of costs, against the plaintiffs. They appealed.

*Elam*, for the appellants.

The judgment of the District Court should be reversed, as being contrary to law, and the evidence of the case.

2. The plaintiffs having established the amount of goods stolen, to be worth two hundred and fifty dollars, are entitled to judgment for that sum, and their costs.

3. The district judge erred, in decreeing the plaintiff to pay the fee of twenty-five dollars, allowed to the curator *ad hoc*, appointed to defend the absent defendant. *Pontalba* vs. *Pontalba*, 2 *La. Reports*, 466.

4. The attention of the court is particularly solicited, to the allowance made to the curator *ad hoc*, and especially the order, requiring the plaintiffs to pay it.

*T. G. Morgan, contra.*

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs in this case complain, that their store was broken open by a slave of the defendant, Wilson, and goods, of the value of five hundred dollars, stolen from them; and that the slave was conveyed out of the state by his co-defendant and overseer, so that they were unable to inflict on him the penalty of the law. They sue to recover the value of the stolen goods, and two hundred and fifty dollars damages.

The defendant, Wilson, being an absentee, a curator *ad hoc* was appointed to represent him. Both defendants appeared by attorneys, and severed in their answers. The defendant, Wilson, after an exception to the right of one of the plaintiffs to sue, without showing her husband's authority; which has been waived, pleaded the general issue, and united in the defence made by Tuberville, his co-defendant. The latter pleaded, that the plaintiffs, according to their own

10

WESTERN DIST. *August*, 1834.

HEWET ET ALS. *vs.* WILSON ET ALS.

showing, had no right of action against him, as the overseer of his co-defendant. He further, denies the larceny, but avers that, being unwilling to screen the slave charged with the offence from punishment, he offered to surrender him to the civil authorities, or to suffer the plaintiffs to punish him; and that he was punished severely, and the plaintiffs expressed themselves satisfied. He denies having conveyed the negro out of the state, to protect him from prosecution.

Under this state of the pleadings, the case was submitted to a jury, whose verdict was in favor of the defendants, and the plaintiffs appealed.

The evidence shows, that the store has been forcibly entered, and some goods were stolen; but there was no direct and positive proof that the theft was committed by the defendants' slave. Some articles were found in his possession on search, and were restored to the plaintiffs, and the slave was whipped by the husband of one of the plaintiffs, by permission of the overseer. There is no legal evidence before the court, to show that more articles were stolen, than those which are proved to have been restored. The inventory made before the theft, and the one made afterwards, were both *ex parte;* nor do they exhibit specifically any articles. It does not appear whether the difference of two hundred and fifty dollars, between the two amounts, results from a different standard of appraisement, or from a diminished quantity of goods. It appears from the evidence, that the slave remained on the plantation, about six months after the larceny was committed.

All the facts were before a jury of the country, who, from their knowledge of the parties and witnesses, were much more competent to decide between the parties, than we can be; and, although public policy as well as justice requires, that owners of slaves should be held to make full restitution for offences committed by them, yet we are bound to respect a verdict, unless clearly erroneous in law, or manifestly contrary to, or without legal evidence.

The only question of law presented, for the consideration of the court, arises out of an informal objection to the admission

*Where all the facts and circumstances of a case are placed before a jury of the country, who make up their verdict on all the evidence adduced, with a knowledge of the parties, they are considered much more competent to decide between the parties litigant than the court, which is bound to respect their verdict, unless clearly erroneous in law, or manifestly contrary to, or without legal evidence.*

*In a suit by a firm for the restitution of stolen*

WESTERN DIST.
*August,* 1834.

HEWET ET ALS.
*vs.*
WILSON ET ALS.

of evidence, to prove the acts and declarations of the husband of one of the plaintiffs. It is true, he is not shown to be the agent of the firm, but as the husband of one of the partners, it is shown that he took an active part in searching for the stolen property with the consent of the other partner, and inflicted corporal punishment on the slave. The declarations made by him as to the amount lost, correspond with those made by the other partner. As to the declaration that he was satisfied, it referred to the punishment inflicted on the slave. He must be regarded as representing his wife, with the consent of her partners; and his acts and declarations, as forming a part of the *res gesta.*

With this view of the law and evidence, we should affirm the judgment of the court, if it had condemned the plaintiffs to pay merely the ordinary costs of suit. But the court awarded to the curator *ad hoc* of one of the defendants, appointed at the inception of the suit, a fee of twenty-five dollars, and adjudged that it should be paid by the plaintiffs, as a part of the taxed costs. This court decided, in the case of Pontalba *vs.* Pontalba, that a curator *ad hoc* is not entitled to a fee. 2 *La. Reports*, 466. In this respect, the judgment below must be reformed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and proceeding to render such judgment on the verdict as ought, in our opinion, to have been given below, it is, further, adjudged and decreed, that the plaintiffs' suit be dismissed, and that they pay the costs of suit, except the curator's fee; and that the appellees pay the costs of the appeal.

goods in damages, where the wife is a party plaintiff, the acts and declarations of her husband in relation to the matters in contest, in which he took an active part, are admissible in evidence as forming a part of the *res gesta.* He must be regarded in this case as representing his wife with the consent of her partner.

The *curator ad hoc* appointed at the institution of suit, is not entitled to a fee or an allowance which is to be taxed in the costs of suit and paid by the party cast. If he be an attorney he may claim a fee as for professional services, or be allowed a remuneration for his services, to be paid in either case, by, or out of the funds of the person whom he represents.