Eastern Dist.
January, 1836.

COOLEY
vs.
BEAUVAIS.

The owner of a sealed letter or packet is under no obligation to pay for its transportation, when given to a passenger, and the steam-boat is not liable for its safe keeping.

## COOLEY vs. BEAUVAIS.

*APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT.*

A curator *ad hoc*, appointed by the court to an absentee, may employ counsel to defend the interests of such absentee, who is entitled to a just compensation for his services, to be paid by the absentee, whose interests he defended.

But a curator *ad hoc* has no right to obtain from the court, taking cognizance of the original action, a summary and *exparte* order on the absentee, to whom he was appointed, to pay a particular sum as compensation for his services, to be taxed as part of the costs. The court cannot grant such order, without hearing the party condemned.

This is an action by the plaintiff, as an attorney at law, against the defendant, who was appointed by the court curator *ad hoc*, to defend an absentee residing in France, on being sued in the parish of Pointe Coupée, in an action of partition. The curator *ad hoc* employed the plaintiff as counsel, to defend the case in court, to which he had been appointed. At the final termination of the case, on motion,

the court ordered the sum of five hundred dollars to be paid to A. Beauvais, curator *ad hoc*, and to be taxed in the costs, and paid by the absentee.

The present plaintiff claims the benefit of this allowance to the curator, as having done all the business in defending the original suit. He had judgment against the defendant Beauvais, as curator, for the sum of four hundred dollars; but with a condition, that the latter might release himself, on assigning the judgment allowing him his compensation, to be paid out of the funds of the absentee. The defendant appealed.

On the trial, the defendant's counsel excepted to the opinion of the court, refusing to examine the case on the defendant's plea, that the Probate Court, in the action of partition, had no power to appoint a curator *ad hoc*.

*Cooley*, in *propriâ personâ*.

1. The court below did not err in refusing to take into consideration the plea of the defendant, that the plaintiff here should have pleaded to the jurisdiction of the Probate Court, in the action of partition, in which his services were rendered. All pleas made by counsel are presumed to be done by the consent and under the direction of the client, and where any exception is waved, no matter if it is tenable or not, it is presumed to be done by consent of the party.

2. But even if the court did err in not considering the plea mentioned, the plea itself is not tenable. Courts of Probate have-jurisdiction in cases of partition generally, and in some cases, an exclusive jurisdiction for that purpose. See *Code of Practice, article* 924. And even if the Probate Court had not jurisdiction, the case *was decided by the District Court.*

3. The testimony shows that the services were rendered, and that they were worth the sum of five hundred dollars; therefore the judgment should be amended in that respect.

4. The testimony will further show, that an execution issued in favor of Beauvais against Mrs. Mourain, whom he was appointed to represent, and against whom he had judgment for expenses; and also, that the same was arrested

by his own order.   If he has not collected the amount, so as to pay it over to the counsel, it is clearly his own fault, for which others should not suffer.

*Mitchell*, for the defendant and appellant.

1. The District Court should have examined the defendant's plea, alleging that the Probate Court was without authority to appoint him as curator *ad hoc*, as it had no jurisdiction of the original case, being an action of partition.   2 *Martin, N. S.*, 1.   5 *Martin, N. S.*, 551.   *Code of Practice*, 924–5.

2. The fact that the original suit was transferred to the District Court, after the curator *ad hoc* was appointed, does not mend the matter.   The District Court has original and exclusive jurisdiction of such cases, and was not legally seized of it by the transfer from the Probate Court, under a law providing for cases peculiarly situated.   5 *Martin, N. S.*, 9.

3. The appointment of Beauvais, curator *ad hoc*, by the Probate Court, was clearly void.   He had, therefore, no power to enforce the payment of the money allowed as his fee, and was not liable to pay it to the plaintiff.

*Bullard, J.*, delivered the opinion of the court.

The Plaintiff alleges in his petition, that Madame Mourain, an absentee, being sued in an action of partition, Arnaud Beauvais was appointed by the court, her curator *ad hoc*; that the latter employed him (the plaintiff) as attorney and counsellor at law, to represent him in said suit, and to defend the same ; that he did accordingly attend to the case, until final judgment was rendered.   He further represents, that at the time of the final judgment in the case, the sum of five hundred dollars was allowed to the curator *ad hoc*, and taxed as a part of the costs to be paid by Madame Mourain.   He avers, that his services were worth the full sum of five hundred dollars, and that the curator *ad hoc* is liable to pay him, and he prays judgment against the defendant for that amount.

COOLEY
*vs.*
BEAUVAIS.

The defendant admits that he employed the plaintiff as attorney, and that he was appointed curator *ad hoc* of the absentee. He admits that the sum of five hundred dollars was allowed him, as alleged, but he denies that he ever received any part of it, and he submits to the wisdom of the court, whether he has a right, or is bound to enforce the payment of that sum against Madame Mourain. He further alleges, that the plaintiff did not make the proper defence ; that he ought to have pleaded to the jurisdiction of the Probate Court, in which the action of partition was brought, and which court he avers had no jurisdiction in the premises, and no authority to appoint him curator *ad hoc.*

The District Court condemned the defendant to pay four hundred dollars, but to be released on his transferring to the plaintiff, within thirty days, all his right and interest in the judgment against Madame Mourain. The defendant appealed.

It is not pretended that Beauvais was originally liable, personally to pay the plaintiff for his professional services. If he afterwards became so, it must be by reason of some promise on his part, or of some act done by him, by which he was rendered responsible. No promise to pay is shown, and it only remains to inquire, whether the refusal of Beauvais to transfer to the plaintiff his interest in the judgment against Madame Mourain, or to prosecute an execution, and make the money out of her property, rendered him liable to the plaintiff.

That the defendant had a right as curator *ad hoc*, under the appointment of the court, to employ counsel, we do not doubt, and that the attorney is entitled to a just compensation for his services, to be paid by the absentee whose interest he defended, is perhaps equally clear ; but it does not appear to us logical, to conclude from these premises, that the curator *ad hoc* has a right to obtain from the court taking cognizance of the original action, a summary and *exparte* order on the absent party, to pay a particular sum as compensation for his services, to be taxed as a part of the costs, nor that the

*A curator ad hoc, appointed by the court to an absentee, may employ counsel to defend the interests of such absentee ; who is entitled to a just compensation for his services, to be paid by the absentee, whose interest he defended.*

*But a curator ad hoc has no right to obtain from the court taking cognizance of the original action, a summary and ex parte order on the absentee, to whom he was appointed, to pay a particular sum as compensation for his services, to be taxed as part of the costs. The court cannot grant such order, without hearing the party condemned.*

court has a right to make such order, without hearing the party condemned. The absentee is before the court by a curator, for the purpose of defending an action of partition, and for no other purpose. In procuring such a condemnation, the curator *ad hoc* assumes to represent both parties, and in substance assents to a judgment in his own favor, against the party whose interest he is appointed to defend. The court assumes to adjudicate upon a cause of action, wholly foreign to the case before it.

In the case of *Pontalba* vs. *Pontalba*, this court ruled, that a curator *ad hoc*, appointed to the absent defendant, was not entitled to be paid a fee, as taxed costs out of the property of the plaintiff, who had succeeded in his suit. The same doctrine was recognised in the case of *Hewet et al.* vs. *Wilson et al.* See 4 *Louisiana Reports*, 466. 7 *Ibid.*, 70.

The case now before the court, is different from either of those above referred to. In the present case it was the defendant who was condemned to pay the fee of the curator *ad hoc*, as a part of the costs.

It does not appear to us, that Beauvais was under any legal obligation to transfer to the plaintiff any interest he might have in the judgment, nor can we perceive how he has become personally liable to the plaintiff, in consequence of his declining to prosecute an execution to enforce it, nor does it well appear, how he could control an execution against his own constituent.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that there be judgment in favor of the defendant, as in case of a non-suit, with costs in both courts.