EASTERN DIST.
June, 1837.

WHITNEY ET UX.
vs.
O'BEARNE ET AL.

---

### WHITNEY ET UX. vs. O'BEARNE ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The curator *ad hoc* can only be allowed his fee for defending the interest of an absentee contradictorily with him, or his representative, and is to be paid by the person whose interest he defends.

In the case of W. W. Whitney and wife, against Eleanor O'Bearne et al., in the Court of Probates, L. C. Duncan, Esq., counsellor and attorney at law, having been appointed curator *ad hoc* to the absent defendants, and having acted and rendered services therein, took a rule on the plaintiff to show cause why the sum of one thousand dollars should not be allowed him as a fee for services rendered in this case, and that the same be taxed with the other costs incurred therein.

The plaintiffs showed for cause, that there was no law requiring them to pay such fees, or rendering them liable in any way, for such costs and charges.

Upon this issue, and upon proof that there were services rendered by the applicant for the rule, the judge of probates gave judgment, ordering the register of wills to tax among the costs the sum of one thousand dollars as a fee to the curator *ad hoc*, to be paid by the party cast, reserving to the plaintiffs, (who were the party cast in the case,) their right to recover back from the absent defendants this sum.

From this judgment the plaintiffs appealed.

EASTERN DIST.
*June*, 1837.

WHITNEY ET UX,
*vs.*
O'BEARNE ET AL.

*Grymes,* for the appellants, urged the reversal and annulment of this judgment, on the ground that it was contrary to law and the repeated decisions of this court, and contended that it was more excessive and grievious in its character than a *Mexican forced loan.* He cited the cases of *Pontalba* vs. *Pontalba,* 2 *Louisiana Reports,* 466 *; and Hewett et al.* vs. *Wilson,* 7 *Louisiana Reports,* 70.

*L. C. Duncan, in propriâ personâ.*

*Martin, J.,* delivered the opinion of the court.

The defendants being absentees, Lucius C. Duncan was appointed their curator *ad hoc.* The plaintiffs suffered a non-suit, and the court on motion of Duncan, allowed him one thousand dollars for his services in the case. The plaintiffs appealed.

This case differs from that of Pontalba *vs.* Pontalba, 2 Louisiana Reports, 466, only in this; that in the latter, judgment was given in favor of the defendant's curator against the plaintiff herself. In the present case, the judgment in favor of the curator is given against the defendants, but the plaintiffs are ordered to advance the amount of the judgment with a reservation of their right to recover the sum so advanced, from the defendants.

In the case of Pontalba *vs.* Pontalba, we held that the plaintiff was not bound to remunerate the curator for his trouble. That his remuneration, if he were entitled to any, must come out of the estate of the person whom he represented.

In a later case, we held, that a curator could not have any allowance made to him for his trouble, otherwise than contradictorily with the person whose estate or interests he represented. See the case of *Cooley* vs. *Beauvais,* 9 *Louisiana Reports,* 85.

The decision now under consideration violates the principle settled in the latter case, and does injury to the defendants, in condemning them to pay a sum of one thousand dollars to the curator, without their ever having been cited, or having

*The curator ad hoc can only be allowed his fee for defending the interests of an absentee, contradictorily with him, or his representative, and is to be paid by the person whose interest he defends.*

the opportunity to be heard in their defence ; and this too, in a case in which they are not otherwise represented, than by the person in favor of whom the allowance is made. The case under consideration violates the rights of the plaintiffs in imposing on them a forced loan, in compelling them to pay a sum of money in discharge of a void judgment pronounced against a person who was not cited, thus giving them an illusory subrogation to the curator's right.

- It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, in favor of the curator *ad hoc*, against the appellants, be annulled, avoided and reversed, and that he pay the costs of the appeal.