(106 So. 385)

No. 27551.

### ROSENTHAL v. ROSENTHAL.

### In re ROSENTHAL.

(Nov. 2, 1925. Rehearing Denied Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

Costs &177—Fee of curator ad hoc, appointed to represent absent defendant in attachment proceeding, held taxable as costs against plaintiff.

In attachment proceeding, fee of curator ad hoc, appointed to represent absent defendant on application of plaintiff, *held* taxable against her as costs, in view of Rev. St. § 108, where such appointment was necessary to give plaintiff any standing in court and to enable her to successfully prosecute her suit to judgment, and such fee was a necessary expense incurred in proceedings.

Action by Hilda Rosenthal against Maurice J. Rosenthal, defended by curator ad hoc. Judgment for plaintiff. After denial of an injunction to restrain curator ad hoc and civil sheriff from proceeding with seizure and sale of plaintiff's property for curator's fees, plaintiff applied for writs of mandamus, prohibition, and certiorari, directed to civil district court for the parish of Orleans, on which a rule nisi was issued staying proceedings. Application denied, and rule discharged.

Dart & Dart, of New Orleans. for relator.

J. C. Henriques, of New Orleans, for respondent Harry M. Mayo, Jr.

ROGERS, J. In September, 1925, Hilda Rosenthal instituted attachment proceedings against Maurice J. Rosenthal on a claim for $22,964.25, with interest and costs. Defendant being an absentee, she asked for the appointment of a curator ad hoc to represent him. Under her prayer Harry M. Mayo, Jr., was thus appointed.

The curator ad hoc defended the action, filing various exceptions and an answer. In due course, after the exceptions were overruled, the case was heard on its merits, and judgment was rendered in favor of plaintiff as prayed for.

Thereafter, to wit, on June 12, 1925, on a rule taken contradictorily with the plaintiff, judgment was rendered fixing the fee of the curator ad hoc at $350, and ordering that said fee be taxed as costs. This judgment was signed on June 18, 1925, and no appeal was taken therefrom.

The curator ad hoc then requested plaintiff to pay his fee in accordance with said judgment. This plaintiff declined to do, and the curator ad hoc thereupon proceeded to execute said judgment, causing a writ of fieri facias to issue by virtue of which the civil sheriff for the parish of Orleans seized and advertised for sale all of plaintiff's right, title, and interest in her aforesaid judgment against Maurice J. Rosenthal.

Plaintiff applied to the civil district court for a temporary restraining order, to be followed by a preliminary injunction, to restrain and enjoin the curator ad hoc and the civil sheriff from proceeding with the seizure and sale of her property. Her application was refused, and plaintiff then petitioned this court for writs of mandamus, prohibition, and certiorari to be directed to the district judge, the curator ad hoc, and the civil sheriff, to compel the issuance of the restraining order and the preliminary injunction for which she prayed, and to prohibit the sale of her property until her rights had been adjudicated upon by this court.

On relator's petition a rule nisi was issued, coupled with an order staying the sale of her property and all other proceedings under the writ of fieri facias. Respondents have filed their answers, and the matter is now before us on the record as thus presented.

We do not find any error in the action of the district judge in refusing the injunctive relief sought by relator.

As plaintiff, relator is primarily liable for all legal costs of the proceeding, and she is bound to pay them whenever they are due.

Section 108 of the Revised Statutes, which is, substantially, the re-enactment of Act 108 of 1875, provides that:

"Advocates appointed by the judge to represent absent defendants in cases of attachment, shall be entitled to the sum of ten dollars as a fee, to be taxed as costs, which, upon application and proof to the court, may be increased in proportion to the services rendered."

All the requirements of the law in the case before us have been fully complied with. The appointment of Mr. Mayo as curator ad hoc of the absent defendant was made by the district judge upon the application of relator herself. This appointment, coupled with the attachment of defendant's property, was necessary in order to give plaintiff any standing in court, and to enable her to successfully prosecute her suit to judgment. The fee of the curator ad hoc is a necessary expense incurred in the proceedings, and is therefore under the quoted section of the Revised Statutes legally taxable as costs against plaintiff. This is so because the fee of the curator ad hoc must be fixed contradictorily, which can only be done with the plaintiff who provokes his appointment. The defendant, being absent and unrepresented, cannot be condemned. Cooley v. Beauvais, 9 La. 85.

The doctrine in Bowie v. Davis, 33 La. Ann. 345, is in consonance with these views. In that case this court held as binding on the plaintiff a judgment contradictorily rendered against her taxing the fee of the curator ad hoc.

Relator, in support of her contention that the curator ad hoc must be paid out of the property and estate of the defendant, cites Ellery v. Governeur, 3 Mart. 606; Whitney v. O'Bearne, 11 La. 266; Hewet v. Wilson, 7 La. 71; Pontalba v. Pontalba, 2 La. 466; and Owens v. Davis, 15 La. Ann. 22. We have examined these cases, but do not find that, under their particular facts, they are apt in the instant case. Moreover, they were all decided prior to the enactment of the Revised Statutes (Act 108 of 1857), except Owens v. Davis, which, as stated, is not pertinent.

For the reasons assigned, the relief herein sought by the relator is denied, and the respondents are discharged from the rule taken against them.