BRUNOT, J.
 

 Sámuel R. Stewart died prior to 1SS9, leaving a widow in community, and nine children, the issue of the marriage between himself and his surviving widow. At the date of his death he owned a tomb in the St. Louis Cemetery, which he inherited from his deceased grandfather, and in which the remains of himself and some of his ancestors were interred. After Mr. Stewart’s death, his widow purchased five burial lots in Metairie Cemetery. She had the Stewart tomb in St. Louis Cemetery removed from that cemetery and placed on the lots she had acquired in the Metairie, and she had the remains of the bodies the tomb had contained re-interred therein. She subsequently died. Her succession was opened and consolidated with the succession of her deceased husband. Their heirs were recognized and sent into possession of their estates, and a partition of the assets of the successions, by licitation, was ordered of all of the property of both successions, except the five lots and tomb in the Metairie Cemetery. Some time thereafter Samuel Barton Stewart, the real plaintiff in this case, was called upon by his co-owners for his virile proportion of the expense for the upkeep of the lots and tomb in the Metairie Cemetery. He declined to contribute anything for this purpose, or to contribute any part of $250 which was paid by the other co-own'ers to the Metairie Cemetery Association, under a contract with that association for the perpetual care of said lots and tomb. At a later date the mother of Samuel Barton Stewart died, and he made arrangements to have her buried in the Stewart tomb in the Metairie Cemetery. Some of the co-owners objected thereto. They presented a written objection to the Metairie Cemetery Association, and, as a result of their objection, the real plaintiff, Samuel Barton Stewart, was compelled to bury his deceased mother elsewhere, and for this reason he and four other coheirs of Mr. and Mrs. Stewart, deceased, brought this suit, in which they seek to recover from the other coheirs, and from the husband of one of said coheirs, damages in the sum of $5,000,- with-legal interest thereon from judicial demand, and a judgment declaring them co-owners of said lots and-tomb in the Metairie Cemetery, and ordering the opening of said tomb for the admission of the remains of any person whom petitioners plight have a right to bury therein. .
 

 From a judgment recognizing plaintiffs as co-owners of the Stewart burial lots and tomb in the Metairie Cemetery, with the right of each co-owner to burial therein of themselves and their respective wives, husbands, ancestors, and decedents, awarding plaintiffs damages against all of the defendants, except Charles Louque, for the sum of one cent, and taxing the defendants with $100,- the fee of the curator ad hoc to represent the minors and absentees, the defendants Ermina Stewart Wadworth, Edna Stewart Louque, and H. J. Harvey appealed.
 

 We think the trial judge erred in rendering a judgment against the defendants for $100, the fee of the curator ad hoc appointed by the court to represent the minors and absentees, because the fee of the curator ad hoc is properly chargeable to the interest of the minors and absentees he represented, and for that reason the recovery of his fee should be so limited.
 

 The Metairie Cemetery Association filed a plea of res adjudieata, which was sustained,,
 
 *111
 
 and Charles Longue filed an exception of no cause of action, which was overruled.
 

 Gladys Stewart, Ophelia Stewart, Lillian Harvey, Clarence Harvey, Theodore Stewart, and Floys Stewart excepted to a moneyed judgment being rendered against them, and, after a hearing, this exception was sustained, and the case went to trial on the merits as to the other defendants. After trial, the district judge held that all of the direct lineal descendants of Samuel R. Stewart and his wife, both deceased, were co-owners of the lot and tomb in Metairie Cemetery, in indivisión, and entitled to the use of the same, as hereinbefore stated, but, inasmuch as Samuel Barton Stewart had refused to contribute anything to the upkeep or maintenance of the cemetery plot and tomb, and had refused to contribute towards the payment of the $250 the defendants made to the Metairie Cemetery Association for the perpetual care thereof, and inasmuch as the record did not disclose that he had suffered any appreciable damages by the objection of the defendant co-owners of the property to the interment of the body of his deceased mother in the tomb, he awarded plaintiffs damages in the sum of one cent. We think he erred in holding that, under the circumstances disclosed by the record, any damages whatever were due.
 

 The mere fact that a co-owner of property, in indivisión, objects to his • co-owner using the property for his own exclusive benefit and advantage, does not, of itself, give rise to a cause of action for damages. That is really the case which is presented here, and presented by a co-owner who had deliberately refused to perform the sacred duty which a proper respect for his deceased ancestors demanded.
 

 For these reasons, the judgment appealed from is amended by rejecting the demand of plaintiffs for any damages whatever, and by limiting that part of the judgment taxing the defendants with the fee of the curator ad hoc to a recovery of said fee out of such interest as said minors and absentees may have in the lots and tomb involved in this suit, and, as thus amended, that the judgment be affirmed; the cost of appeal to be paid by appellee.
 

 ROGERS, J., recused, having performed certain judicial acts in the case while a judge of the district court.