50 So.2d 19

**FRIED et al. v. EDMISTON et al.**

**In re ROCCAFORTE.**

No. 39532.

Dec. 11, 1950.

Rehearing Denied Jan. 9, 1951.

Delvaille H. Theard, New Orleans, for plaintiffs-appellees.

S. Roccaforte, New Orleans, for defendant-appellant.

LeBLANC, Justice.

This suit was filed by the plaintiff, Mrs. Una Claire Fried, duly authorized by her husband, Julius P. Fried, against the defendant, an absentee, to try title to certain real estate under Act 38 of 1908. The suit was originally brought under the provisions of Act 106 of 1934 and while it was pending in the district court this Court rendered its decision in the case of Doll v. Meyer, 214 La. 444, 38 So.2d 69, holding, on rehearing, that the constitutional provisions, Section 11, Article 10 of the Constitution of Louisiana of 1921 governing

tax sales and Act 106 of 1934 permitting proceedings to quiet tax sales had reference only to tax sales made to purchasers other than the State and did not apply to confirmations of adjudications made by the Tax Collector to the State where no individual bid is made for the property at the tax sale offering. The plaintiff thereupon, by supplemental and amended petition, reiterated all of the facts of the original petition further alleging that the property was vacant, that the defendant was an absentee and that the curator ad hoc heretofore appointed by the court under the original petition should be affirmed.

The suit was filed on October 1, 1948. In the petition it is alleged that the plaintiff, Mrs. Fried, purchased at public auction, on May 27, 1944, under the provisions of Act 237 of 1924, as amended, from the State of Louisiana, lot or parcel part 43 and lot No. 44 in square No. 4, Park Heights Subdivision, New Orleans. Patents were issued on June 8, 1944 and duly recorded on June 9, 1944. Only parcel part 43 which had been adjudicated to the State for delinquent taxes assessed in the name of Samuel V. Edmiston for the year 1929, is here involved. Edmiston is an absentee who disappeared from New Orleans twenty or more years ago. He was cited to appear through his curator ad hoc, an attorney appointed by the district judge. The curator filed an exception of no cause or right of action which was overruled. He then filed an answer under reservation of the exception. The answer consists of a

denial of each of the allegations of the petition. In effect it may be said that the same issue is presented on the merits as was involved in the exception.

There was judgment in the district court in favor of the plaintiff holding that she could bring this suit under the provisions of Act 38 of 1908 and that the defendant was properly cited and represented by the curator ad hoc who had been appointed by the court. On appeal to the Court of Appeal for the Parish of Orleans, the judgment was affirmed. On application duly and timely made to this Court by the curator ad hoc a writ of certiorari was granted and the matter is now before us to review the judgment rendered below.

There are two issues presented in the proceeding: (1) Whether the plaintiff can bring an action under the provisions of Act 38 of 1908 to quiet the title which she had obtained through a patent from the State of Louisiana and (2) whether an absentee defendant in such a proceeding, whose whereabouts are unknown, can be validly represented by a curator ad hoc. The learned trial judge, whose written opinion was adopted by the Court of Appeal as its own, decided both issues in favor of the plaintiff.

It appears that far more importance was attached to the second of these issues because the greater portion of the written opinion of the district judge deals with the right of a plaintiff, in a suit of this nature, to obtain judgment against an ab-

sentee defendant through a curator ad hoc. He disposed of the first issue rather briefly by citing the provisions of Section 1 of Act 38 of 1908, then stating that plaintiff's petition clearly discloses that this is a suit to try title to property under the provisions of that act, and that under its provisions, in order to state a cause of action it must be alleged that the plaintiff and defendant, neither of whom is in possession of the land, both claim it by recorded title. He further stated that the act applies to all titles, without regard to their origin, tax titles or not. Several decisions were cited in support of his ruling.

Whilst it may be that the act is available to a party holding title to property under some form of tax adjudication or tax sale, it is important, and indeed essential that the action he brings should conform to the requirements of all of its provisions. It would seem that that is the serious question presented in this case and for the purpose of this decision we may well assume, without having to pass on that issue, that the defendant was properly represented by a curator ad hoc.

We think it proper at this point, to quote the pertinent provisions of Act 38 of 1908: " * * * That in all cases where two or more persons lay claim to land by recorded title and where neither of said claimants are in the actual possession of the land so claimed; either of the claimants may bring suit against one or all the adverse claimants, and for that purpose may join one or more adverse claimants in the same suit as defendants, to have the titles to the land adjudicated upon by the court having jurisdiction of the property, * * * and this action shall be known as the action to establish title to real estate, and the judge shall decide which of the claimants are the owners of the land in dispute, * * *."

It has often been stated in numerous decisions of this Court that the law was enacted to provide a form of action, not theretofore existing, to try and establish title to real estate where there were two or more claimants to the land by recorded title and neither or none were in actual possession. Considering the frequent use of the words "claim", "claimants" and "adverse claimants" in the section just quoted from, it is apparent that the law contemplates something more than a mere recorded title by one or more of the parties to constitute a claim or an adverse claim under which the provisions of the act can be invoked. Lack of possession in any of the parties, and a recorded title, are necessary elements for the action but there must also be some claim arising and asserted under such title to support it; in other words, something to create or bring about the dispute which the judge is directed to decide.

We observe that in all the cases cited in the opinion of the district judge as well as in all the others we have read, (and they are numerous) the issue involved more

than a mere claim by recorded title. To refer to some of the earlier decisions rendered soon after enactment of the statute in 1908, we quote the following language from the case of Fortner's Heirs v. Good Pine Lumber Co., 146 La. 11, 12, 83 So. 319, 320: "Act 38 of 1908 was intended to give to two' or more *claimants to a piece* *of land* who had recorded titles thereto, where no one of whom was in actual possession, the right to go into court and litigate their respective titles." (Our italics).

In Griffing v. Taft, 151 La. 442, 445, 91 So. 832, 833, we find this statement: "Act 38 of 1908 was intended as a particular form of action to adjudicate titles to real estate, where neither of the *claimants* is in actual possession of the land. In such action the judge is called upon to decide *which of the claimants is the owner* of the land in dispute." (Our italics).

In a later case, Griffith's Estate v. Glaze's Heirs, 199 La. 800, 808, 7 So.2d 62, 65, in discussing the action that arises under Act 38 of 1908, the Court stated: "The action is available *where the plaintiff has a recorded title to land which is claimed by another,* and of which neither party is in possession." (Italics ours.)

■ In the present case plaintiff merely alleges that neither she nor the defendant is in possession of the property. She did aver that she believes that her title was good and sufficient in law and that the defendant had no title, right or interest in and to the property, all of which merely expresses a conclusion not based on any alleged facts. Nowhere does she allege that the defendant is making any claim or pretending even to assert an adverse claim to hers in the property. No facts are alleged from which it appears that there is any dispute for the judge to decide between them as claimants of the land. Lacking all these essential elements the action cannot possibly be entertained as one to establish title to real estate under the provisions of Act 38 of 1908 and we so hold.

■ This Court having decided in Doll v. Meyer, supra, while this case was pending, that Act 106 of 1934 was not applicable to the purchaser of a tax title from the State, the district judge intimates in his written opinion that if the provisions of Act 38 of 1908 are not available to a party who, like the plaintiff in this suit purchases property that had been adjudicated to the State for non-payment of taxes by a former owner who is an absentee, he would have a right but would be left without a remedy to enforce it when seeking to have his title confirmed. We do not think that that is entirely correct for it may well develop at some time in the future that the former owner or his heirs, who have been placed in possession, may lay some adverse claim to the property without any one being in possession, in which event he might very well proceed under the terms of the act to have his title established. But even were there some justification for the apprehension the district judge seems to

entertain, there is nothing which the courts can do about it. The matter of providing a remedy to enforce a right a party may have under the law is one which addresses itself to the Legislature and in which the courts are powerless to act.

For the reasons stated it is ordered that the judgment of the District Court which was affirmed by the Court of Appeal, Parish of Orleans be and the same is hereby reversed and set aside and it is further ordered, adjudged and decreed that there be judgment in favor of the defendant and against the plaintiffs dismissing their suit at their costs.

HAMITER, J., dissents.