REGAN, Judge.
Plaintiff, Milton G. Acker, instituted this suit against the defendant, Emile M. Doll, endeavoring to have a personal judgment which condemned him as an absentee, residing in the State of Mississippi, to pay $50.00 curator’s fees declared null and void, since it deprives him of his property without due process of law in contravention of the Fourteenth Amendment to the Constitution of the United States, and therefore the inscription thereof which appears in the books of the Recorder of Mortgages should be cancelled and erased.
The defendant pleaded the exception of non-joinder of parties defendant predicated on the hypothesis that the Recorder of Mortgages was a necessary party hereto, which was overruled.
*758 The defendant answered and asserted that the fee of the curator ad hoc was an incidental cost of court which followed the judgment and was properly assessed against the absentee who was cast therein. The defendant then reconvened for the amount of $50.00, which had been advanced by him to pay the curator’s fee.
From a judgment in favor of the plaintiff and against the defendant, annulling the judgment insofar as it personally condemns the plaintiff to pay a curator's fee of $50.00 and costs and ordering the cancellation of the judgment inscribed in the books of the Recorder of Mortgages and dismissing the reconventional demand of the defendant, he has prosecuted this appeal.
The trial judge made a thorough analysis of this case in his written reasons for judgment, which in our opinion fully encompass the subject posed for our consideration and the result which we have agreed should be reached:
“In 1951 Emile M. Doll, claiming title to real property in this City by tax deed, instituted suit against the Successions of Henry Acker and wife to have a tax deed in favor of the late Henry Acker, covering the same property, declared null and void as a cloud upon plaintiff’s title.
“By an amended petition the several ■ heirs of the decedent were made parties defendant, including one Milton G. Acker, a non-resident of Louisiana, for whom a curator ad hoc was appointed, and citation served on the curator ad hoc. The non-resident made no personal appearance and was represented at the trial by such curator ad hoc.
“Judgment was rendered on July 2, 1952 sustaining plaintiff’s tax title and ordering a cancellation of the inscription of tax deed in favor of the late Henry Acker. The judgment allowed the curator ad hoc a fee of $50.00 and provided in part ‘said fee to be taxed as costs against the said absentee Milton G. Acker and to be paid and advanced by Plaintiff herein, Emile M. Doll, with right of recovery in due course against said absentee as provided by law.’
“The judgment was recorded in the mortgage records of this Parish.
“On February 26, 1958 the absentee, through his own counsel, filed a petition to have the above mentioned judgment annulled insofar as it condemned the absentee to pay the curator ad hoc’s fee, averring that the judgment to that extent was a personal judgment against him obtained by substituted service against an absentee and deprived him of his property without due process of law, and was contrary to Amendment 14 of the United States Constitution.
“An answer and reconventional demand was filed by Emile M. Doll, who in the answer, asserted the validity of the attacked portion of the judgment and, in reconventional demand, sought a judgment against Milton G. Acker in the sum of $50.00, with legal interest from judicial demand and costs.
“Since no controversy as to the facts arose, the cause presented solely a question of law and was submitted for decision on the record.
“The original suit quo ad the absentee was an in rein proceeding.
“As was said by the Court of Appeal for the Parish of Orleans, quoting the District Judge, in Fried v. Edmiston, 40 So.2d 489 (reversed on other grounds by the Supreme Court in 50 So.2d 19, 218 La. 522):
“ ‘A proceeding to quiet title is one in personam against the former proprietors who have been cited, but where they are unknown or are represented by a curator ad hoc * * * *759 a judgment can have no legal effect beyond the confirmation of the tax sale so made.’
“The basis for holding that no personal judgment can be validly rendered against an absentee, making no personal appearance, is fond in the rule laid down by the United States Supreme Court in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878) [1] where it was said:
“ 'The proceedings in such cases, though in the form of a personal action, has been uniformly treated, where service was not obtained, and the party did not voluntarily appear, as effectual and binding merely as a proceeding in rem, and as having no operation beyond the disposition of the property, or some interest therein.’
“The Supreme Court of Louisiana, within a few years after the United States Supreme Court decision in Pennoyer v. Neff, supra, had occasion to point out in Herber v. Abbott, 39 La. Ann. 1112 [3 So. 259] (1887) that the rule in this State had always been that
“ ‘In an attachment suit against an absentee, represented by a curator ad hoc, the judgment is in rem, and only affects the property attached. * * * In such case the judgment bears exclusively on the property attached.’
“Speaking of the distinction between a proceeding in personam and one in rem, it is said in Minor on Conflicts of Laws, Sec. 85:
“ ‘The purpose of a proceeding in personam is to impose through the judgment a decree of the court whose aid is invoked, some responsibility or liability directly upon the person of the defendant. * * * A proceeding in rem, on the other hand, is aimed not at the person of the deffendant, but at his property or some ‘other thing within the power and jurisdiction of the court.’
“ ‘ * * * But in proceedings in rem, if the res be within the court’s jurisdiction, due process of law does not demand that actual notice of the suit should be served upon the defendant personally. Even though he be a non-resident of the forum, the law presumes that he keeps in touch with his property, wherever it may be situated, and that he will be straightway informed if any peril threatens it.’
* * * * * *
“ ‘In either form of procedure, if there has been no such due process of law as is demanded under the federal constitution, the court is without jurisdiction, and its decree is absolutely void within the limits of its own State as well as elsewhere.’
“Referring particularly to court costs in proceedings in rem, it is stated in the same work in Sec. 95:
“ ‘With regard to so much of the decree as relates to costs of the suit * * * it is to be observed that, so far as the court undertakes to decree against the defendant for a sum of money, the decree is a proceeding in personam. It seeks to fasten upon the defendant a general pecuniary liability. Hence, as in the case óf other proceedings in personam, no extraterritorial force will be given the court’s decree in this respect unless the defendant is within the court’s jurisdiction, either by. voluntary appearance or by personal service of process there.
“ ‘Nor, under the constitutional provision that no State shall deprive any person of life, liberty, or property, *760 without due process of law, would it be within the bounds even of the municipal law of any State of this Union to give its courts jurisdiction to make such personal decree against an absent defendant not served with personal process nor voluntarily appearing.’ Citing Pennoyer v. Neff, supra.
“The Supreme Court of Louisiana has literally followed the rules mentioned in actions against absentees. Speaking of a curator ad hoc’s fee in Rosenthal v. Rosenthal, 159 La. 933 [106 So. 385] (a divorce Action) the court said:
“ ‘The Defendant being absent and unrepresented cannot be condemned.’ ■
“To the same effect is the holding in Stewart v. Metairie Cemetery Association, 163 La. 108 [111 So. 616], where the court, referring to the fee of the curator ad hoc, stated same could be taxed against the absent defendant only ‘out of such interest as said minors and absentees may have in the lots and tomb involved in the suit.’ (Emphasis supplied)
“In a foreclosure against a non-resident in Nottingham v. Hoss [19 La. App. 643], 141 So. 391, it was said:
“ ‘A foreclosure suit against a nonresident is essentially in rem. No per-onal judgment can be rendered against the defendant beyond the property involved.’
“The law on the entire subject is succinctly set forth in 34 Corpus Juris, p. 1174, in these words:
“ ‘A judgment in rem creates no personal liability but operates only on the property which is subject of litigation; and such judgment without jurisdiction acquired by personal service cannot be enforced against any other property than that specifically brought within the control of the court for the purposes of the particular proceedings.’
“Since this Court was without jurisdiction to render a judgment in person-am against the absentee, it follows that insofar as the attacked judgment condemns the absentee for a pecuniary sum, it is null and void and will be so held.
“The reconventional demand has for its basis the money judgment rendered against the absentee. The only possible right Emile M. Doll could assert against Milton C. Acker for reimbursement of the fee paid the curator ad hoc arises from the judgment under attack. Since that judgment is null and void for the reasons stated, it follows the reconventional demand is predicated on an invalid claim and it too must be dismissed.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. We are fully cognizant of the fact that the rationale expressed in this case has been modified, but certainly not to the extent contended by the defendant. No' useful purpose would be served by a review of these modifications of Pennoyer v. Neff since they are inapplicable to the facts hereof.